Zimmerman, J.
 

 Section 11221, General Code, recites :
 

 “An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued.”
 

 ■Based upon such statute, Firestine’s main contention is that, under the wording of the cognovit note in issue, plaintiff’s cause of action against the defendants accrued within a short period subsequent to March 7,
 
 *136
 
 1930, by reason of failure to make payments on the note according to its terms; that by virtue of the warrant of attorney in the note plaintiff could have obtained judgment by confession against the defendants-at any time within 15 years after their default; and that by neglecting to do so until the 15-year period had. elapsed defendants are protected against plaintiff’s, claim, by the terms of Section 11221, General Code.
 

 Opposing such contention, plaintiff cites and relies-on Section 11228, General Code, which reads:
 

 “When a cause of action accrues against a person,, if he is out of, the - state, .or has absconded, or conceals himself, the period of limitation for the commencement, of the action as provided in this chapter, shall not begin to run until he comes into the state or while he is-so absconded or concealed. After the cause of action accrues' if he departs from the state,, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period: within which the action must be brought. ’ ’
 

 . Naturally the decision of this court must rest on the-statutory law of Ohio, and the important question in the litigation is whether plaintiff may take advantage of the saving clause, contained in Section 11228, General Code, under the circumstances presented.
 

 Most of our states have statutory provisions tolling the running of statutes of limitation during the absence or nonresidence of a defendant from the state. In the cases decided under statutes of this type, the majority of courts appear to have taken the position that even where absence or nonresidence occurs, if service of process can be obtained in the state enabling the plaintiff to institute an action on his claim, the period of defendant’s absence should not be excluded from the period of limitation, and the running of the statute is therefore not suspended during such absence. That
 
 *137
 
 result has often been reached in those instances where . the defendant, although absent from the state for considerable periods of time, maintains a home or place •of business in the state where service on him can be effectively obtained by leaving a copy of the summons at one of such establishments. . 34 American Jurisprudence, 178, Section 221; annotation, 94 A. L. R., 485; annotation, 119 A. L. R., 859.
 

 On the other hand, a number of cases hold that ; statutory provisions tolling the running of statutes of limitation during the absence of nonresidence of a defendant apply even if plaintiff could satisfy his claim during such absence or nonresidence by proceeding .against property of the defendant located within the state. 34 American Jurisprudence, 180, Section 223; annotation, 119 A. L. R., 331.
 

 In the case of
 
 Stanley
 
 v.
 
 Stanley, Admr.,
 
 47 Ohio St., 225, 24 N. E., 493, 8 L. R. A., 333, 21 Am. St. Rep., 806, this court had occasion to consider Section 4989, Re-wised Statutes, which is very similar in verbiage to present Section 11228, General Code. The following language was used in the course of the opinion:
 

 ‘ ‘ The design of the statute is to give to the plaintiff the full period of the limitation, in available time, for the commencement of his action; so that, in ascertaining this period, the time the defendant is out of the ■state, is not computed as any part of the time given bim in which to commence his action. * * *
 

 “The first clause [of the statute] provides for the •case where the defendant is absent from the state when the cause of action accrues; the second for the case where he departs from the state after it has accrued. In the first, the statute begins to run when he comes into the state; i-n the second, it ceases to run, and is suspended, until he returns to the state. The purpose, then, -of the statute is perfectly plain: Presence of the defend
 
 *138
 
 ant within the state, so that he may be sued, avails in his favor; absence from the state, whether at the aecruing of the action or afterwards, suspends the running of the statute.”
 

 There is a dearth of-authority on the precise question involved in the instant controversy. The case nearest in point which we have been able to find is that of
 
 Hibernian Banking Assn.
 
 v.
 
 Commercial National Bank of Chicago,
 
 157 Ill., 524, 41 N. E., 919. In that case the Illinois statute (Rev. St. 1893, c. 83, Section 18) declared that the time of a person’s absence from the state should be deducted from the time limited for suit against him. The Illinois court applied the statute even though the absent person had executed a warrant of attorney under'which personal judgment could have been rendered against him .without service of process.
 

 Discussing this proposition, the court said in the opinion:
 

 “While it may be true that the reason for the exception created by section 18 of the statute does not exist in full force when applied to this case, inasmuch as the absence of Caulfield from the state did not prevent foreclosure of thé mortgage or the obtaining of a personal judgment against him, by confession, prior to his death, still, as the case comes within the express language of the exception, we cannot assume the province of the Legislature and say that the exception ' ought not to apply, and that although haying departed from the state after the cause of action accrued, and residing in another state, he, having substituted certain supposed equivalents for his presence in this state, should be treated as present, within the meaning of the statute.”
 

 What was said by the Illinois court can be said with equal force here. Section 11228, General Code, pro- '
 
 *139
 
 vides in unequivocal terms, without qualification or ■exception, that if a person, after the accrual of a cause ■of action against him, departs from the state, the time of his absence
 
 shall not
 
 be computed as any part of a period within which the action must be brought.
 

 Had the General Assembly intended to remove from the operation of the statute those causes of action against persons absent from the state but against whom judgment might be taken by confession, it could have done so by the use of appropriate language. If this court were to exempt these defendants from- the terms of the statute, it would be doing that which the General Assembly has not seen fit to do and would be indulging in judicial legislation.
 

 For the reasons stated, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen nnd Stewart, J J., concur.