GEYER, APPELLANT, *v.* THE NEW YORK CENTRAL RD. CO., APPELLEE.

(No. 185—Decided May 18, 1953.)

*Mr. William S. Culp,* for appellant.
*Messrs. Richmond & Richmond,* for appellee.

*Per Curiam.* This appeal is on questions of law from a judgment dismissing plaintiff's petition. Plaintiff instituted her action for damages for personal injuries claimed to have been suffered by her on May 23, 1949, because of the negligence of the defendant. The petition was filed with the clerk of

courts at 3:53 p. m. on May 23, 1951, and a praecipe for the issuance of summons was filed immediately thereafter. The summons was not issued until May 24, 1951, the day following the filing, and was served on the agent of the defendant company in London. Defendant demurred to the petition on the ground that the action was barred by the statute of limitations, having been brought more than two years after the cause of action arose. Section 11224-1, General Code.

Two errors are assigned. The first is that the court erred in holding that plaintiff had not commenced her action within two years after her cause of action arose. Specifically, it is the claim of the plaintiff that in view of the savings clause of Section 11231, General Code, her action was instituted within time.

Plaintiff orally and by brief made a forcible argument in support of the contention that she had conformed to the requirement of Section 11231, General Code, that diligent endeavor be made to secure service on the defendant, and that, having filed her petition with the clerk of courts and issued a praecipe for summons prior to the end of the limitation period, the onus of the issuance of the summons should not be placed upon her. Both of these questions were presented and determined in the first and second paragraphs of the syllabus of the case of *McLarren* v. *Myers, Admr.*, 87 Ohio St., 88, 100 N. E., 121. Manifestly, it is not for this court to question the soundness of the pronouncement in the cited case. If it is erroneous, it must be corrected by the Supreme Court.

The second assignment is that by the savings clause of Section 11228, General Code, the statute of limitations does not run against the plaintiff because defendant is a foreign corporation engaged solely in interstate commerce. So much of Section 11228, General Code, as is pertinent to the assignment reads:

"When a cause of action accrues against a person,

if he is out of the state * * * the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state.''

The only averment of the petition as to the corporate status of the defendant is ''that said street (Main street in the city of London) is intersected or crossed on a level with said street by the railroad tracks of The New York Central Railroad, a corporation operating a railroad in Madison county, Ohio.''

This averment does not afford factual information from which it may be concluded either that the defendant was a foreign corporation or that it was engaged exclusively in interstate commerce.

In this court there have been proffered two certificates of the Secretary of the State of Ohio, one of which shows:

''The New York Central Railroad Company, an Ohio corporation with its principal office located at Albany, New York, was incorporated by consolidation filed December 22, 1914, and has continuously been an Ohio corporation from that date to the present time.''

The other certificate, among other things, discloses that:

''The principal office of said consolidation corporation shall be in the city of Albany, Albany county, New York, as found in consolidation agreement, filed December 22, 1914.''

These certificates may not be brought into the record in this proceeding, an appeal on questions of law.

In view of the status of the record we cannot find that the plaintiff has exemplified the facts upon which her contention is made that the quoted provision of Section 11228, General Code, tolls the running of the applicable statute of limitation against her.

Therefore, anything that we might say would be

purely *obiter*. Several assumptions might be indulged in construing the question sought to be raised by plaintiff.

The means of accomplishing service upon a railroad company are set forth in Section 11288, General Code, as follows:

"If such corporation is a railroad company, whether foreign or domestic, and whether the charter thereof prescribes the manner and place, or either, of service of process thereon * * * the summons may be served upon any regular ticket or freight agent of such railroad company * * * or, if there be no such agent, then upon any conductor in charge of any train or car upon such railroad * * * in any county in this state, in which such railroad * * * is located, or through which it passes."

This is a specific provision as to the method of subjecting a railroad company to the processes of a court and, so far as we know, is the sole and only method of securing such service. Thus, at all times, after the plaintiff's cause of action arose the defendant was subject to service of summons under the statute, and this was true whether it was an Ohio or a foreign corporation. In our opinion, Section 11228, General Code, does not contemplate a situation such as is found here.

The purpose to be accomplished by Section 11228, General Code, is to prevent the statute of limitations running against a party where, during the statutory period, the defendant sought to be served may not be served with summons. There is no provision for personal service upon a nonresident person, and such person cannot be subjected to a personal judgment without such service. To permit a statute of limitation to run against a plaintiff, in such situation, would be highly inequitable and to prevent which Section 11228, General Code, was enacted.

Plaintiff cites two cases. *Commonwealth Loan Co., Inc.,* v. *Firestine,* 148 Ohio St., 133, 73 N. E. (2d), 501, 172 A. L. R., 933, and *Couts* v. *Rose,* 152 Ohio St., 458, 90 N. E. (2d), 139. In the first case, the promisee held a cognovit note by the terms of which judgment could have been confessed against the defendant without service of summons during the limitation period. The court refused to restrict the plaintiff to the waiver of service so provided. Judge Zimmerman, writing the opinion, quotes from *Stanley* v. *Stanley, Admr.,* 47 Ohio St., 225, 24 N. E., 493, 8 L. R. A., 333, 21 Am. St. Rep., 806, as follows:

" 'The first clause (of the statute) [Section 11228, General Code] provides for the case where the defendant is absent from the state when the cause of action accrues; the second for the case where he departs from the state after it has accrued. In the first, the statute begins to run when he [the defendant] comes into the state; in the second, it ceases to run, and is suspended, until he returns to the state. The purpose, then, of the statute is perfectly plain; Presence of the defendant within the state, so that he may be sued, avails in his favor; absence from the state, whether at the accruing of the action or afterwards, suspends the running of the statute.' "

The opinion continues to the effect that had the General Assembly intended to remove from the operation of the statute those causes of action against persons absent from the state but against whom judgment might be taken by confession, it could have done so by the use of appropriate language.

In the second case, the plaintiff also had two means of accomplishing service of summons upon the defendant. The action was for personal injuries sustained in an auto collision and the defendant was a nonresident. The court said that the fact that service could be had upon the defendant by virtue of Sec-

tion 6308-1 *et seq.*, General Code, did not require the plaintiff to rely alone on that basis for service and that Section 11228, General Code, was effective to toll the running of the statute of limitations.

In both cases, the court declined to restrict the plaintiffs to one method of obtaining service upon defendants when another method might be available. Therein is a distinction to be made between the cited cases and the instant cause. Here, at all times, the defendant was subject to service of summons in the one manner prescribed by the statute and such service would have brought the defendant into court for all purposes and would have made it amenable to a personal judgment against it.

We do not discuss the question further because all that we have said is not required by the record and probably should not be indulged, but counsel have argued the question extensively, and we have therefore considered it briefly.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.