**Thomas GEORGE, Plaintiff,**

v.

**R. A. PERRIN, Defendant.**

**Civ. No. C 63-9.**

United States District Court
N. D. Ohio, E. D.

Sept. 5, 1963.

John Ruffalo, Youngstown, Ohio, for plaintiff.

James Butler, Bulkley & Butler, Cleveland, Ohio, for defendant.

JONES, District Judge.

The plaintiff filed this personal injury action against the defendant on January 4, 1963. The plaintiff is a resident of New Castle, Pa. and the defendant is a resident of Geneva, Ohio. This action was filed in Federal Court on the basis of diversity of citizenship. The plaintiff is suing for personal injuries sustained in an automobile accident which occurred on January 19, 1961. The Ohio Statute of Limitations for commencing an action for personal injuries expired the 19th day of January, 1963, two years after the accident.

On January 4, 1963, plaintiff filed his complaint. The Marshal made return of service of summons as follows:

"I certify and return that on the 4th day of January, 1963, I received this Summons and served it together with the complaint herein as follows: and on January 29, 1963 at Geneva, Ohio, the within named R. A. Perrin could not be found in my District. NOTE;—He is at the residence of his daughter-in-law, Mrs. Grant Perrin, 30 Crescent Drive, Lake Park, Florida—and will be there until April, 1963."

Thereafter, on April 9, 1963, plaintiff's attorney filed a precipe for a new summons. The defendant was served on the tenth day of April, 1963. Service was made on the defendant nearly three

months after the Statute of Limitations had expired on January 19, 1963.

Defendant has filed a motion to quash service of summons or in the alternative, a motion to dismiss the complaint on the ground that plaintiff's action is barred by the Ohio Statute of Limitations.

The issue raised by the defendant's motion is where a state statute of limitations is pleaded as a defense, does the mere filing of the complaint toll the statute of limitations or is it necessary that summons be served on the defendant within sixty days as required by Ohio Revised Code, § 2305.17. Stated another way, is Ohio Revised Code, § 2305.17, Commencement of Action, procedural or substantive?

While there were several decisions holding such a statute procedural, I think the question is now fully settled by the United States Supreme Court in Ragon v. Merchants Trucker & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). Solely on grounds of diversity of citizenship, plaintiff sued in Federal Court of Kansas to recover damages for injuries sustained in a highway accident. The accident occurred on October 1, 1943 and the petition was filed September 4, 1945. Service was made on the defendant on December 28, 1945. Kansas had a two-year Statute of Limitations applicable to such tort claims. Kansas also had a statute which said that an attempt to commence an action shall be deemed equivalent to commencement if service is made within sixty days.

The Supreme Court held that the suit was barred by the State Statute of Limitations. It was the opinion of the Court that this result must follow from Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, since otherwise the plaintiff's rights under local law would be different in the Federal Courts than they would be in the State courts. A different result is not required by the fact that the Federal Rules of Civil Procedure govern the manner in which an action is commenced in a Federal Court. This matter is further discussed in 1 Barron & Holtzoff, Federal Practice and Procedure, Sections 138 and 163, 2 Moore's Federal Practice, page 764.

Since service was not made within the sixty days, as required by Ohio Revised Code, § 2305.17, the action is barred unless the savings clause of Ohio Revised Code, § 2305.15 operates to toll the applicable statute of limitations. While this issue was not raised by either party, it is apparent from the Marshal's return that the defendant was out of the State for approximately the last three crucial months.

Section 2305.15, which is as much a part of the substantive law of Ohio as is § 2305.17, reads in part as follows:

"When a cause of action accrues against a person, if he is out of the state * * * the period of limitation for the commencement of the action * * * does not begin to run until he comes into the state * *. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

Most States have similar tolling statutes. However, there is a basic split among the courts over whether the spirit or the letter of the law of these statutes should be followed. An apparent majority look to the basic concept of the savings clause in holding that the statute of limitations is not tolled where service of process, other than personal service, can be had upon the defendant or upon a statutorily appointed agent of the defendant.

A minority view holds that the state tolling statute must be strictly construed for to do otherwise would be to engage in judicial legislation. Under this view, it makes no difference if there is a substitute method of serving the defendant. A collection of the cases is found in 94 A.L.R. 485.

The Ohio Supreme Court in two cases, Commonwealth Loan Co. v. Firestine, 148 Ohio St. 133, 73 N.E.2d 501, 172 A.L.R.

993 (1947), and Couts v. Rose, 152 Ohio St. 458, 90 N.E.2d 139 (1950), has followed the minority view in strictly construing the Ohio saving statute. In the Commonwealth Loan Company case, the court held the statute of limitations was tolled against the promisor of a cognovit note who had left the State of Ohio and had become a resident of another State for a period of years, notwithstanding the fact such absent promisor had executed a warrent of attorney to confess judgment on the note whereby personal judgment could have been rendered against him in Ohio. The court said that the savings clause provides "in unequivocal terms, without qualification or exception, that if a person, after the accrual of a cause of action against him, departs from the state, the time of his absence shall not be computed as any part of a period within which the action must be brought."

In Couts v. Rose, supra, the Ohio Supreme Court held the savings clause applied even though the plaintiff could have sued the non-resident defendant motorist by serving process on the Secretary of State of Ohio. The opposite conclusion was reached in Smith v. Pasqualetto (D.C.Mass.), 146 F.Supp. 680 (1956), and Moore v. Dunham (D.C. Okla.), 240 F.2d 198 (1957).

In Lindsay v. Maxwell, 4 Ohio N.P. 354 (1897), a Common Pleas Court held that temporary absence did not prevent the running of the statute of limitations. The court held to prevent the running of the statute of limitations, the debtor's absence from the state must be such that process cannot be so served upon him that the judgment will bind him personally.

While the defendant was only temporarily absent in the Lindsay case, and in the Commonwealth Loan Company case and the Couts case the defendant had left the state and resided in another state, nevertheless, I am bound by the strict construction given to the saving clause by the Ohio Supreme Court. To hold that "departs from the state" must have the qualifying words, "and reside out of the state", or "so that process cannot be served upon him", or "departs from the state and remains continuously absent therefrom for four months or more" would be nothing more than judicial legislation and not judicial construction.

 Accordingly, I find that the Statute of Limitations did not run during the three months the defendant was out of the State visiting his daughter-in-law in Florida. Since service was obtained promptly upon the defendant after his return, the action is not barred by the Statute of Limitations.

Defendant's motions to quash service of summons and to dismiss the complaint are hereby overruled.