MERCER, APPELLANT, *v.* JONES ET AL., APPELLEES.

[Cite as Mercer v. Jones, 18 Ohio App. 2d 57.]

(No. 253—Decided July 2, 1968.)

Mr. *Joseph Oths,* for appellant.

Mr. *M. D. Slavens,* Mr. *Thomas S. DeLay* and *Messrs. Dresbach, Crabbe, Newlon, Bilger, Brown & Jones,* for appellees.

GRAY, P. J. This cause is in this court on appeal from a judgment of the Court of Common Pleas of Jackson County determining that the trial court had no jurisdiction over defendant Evan J. Davis.

Plaintiff filed a petition for injuries he alleged occured when he dove into and struck an obstruction placed by defendants in a body of water commonly known as Lake Katherine located in Jackson County and which was located on land owned and under the control of defendant Edwin A. Jones. The plaintiff alleged also that this body of water and the beach in connection therewith were used for swimming and bathing.

Plaintiff alleged further that at the time of his claimed injury and for some time prior thereto defendant Evan J. Davis was an agent and servant of defendant Jones for the purpose of operating, caring for and maintaining the swimming and bathing beach.

At the time the petition and precipe was filed defendant Davis was a resident of Washington County, Ohio.

Plaintiff, feeling aggrieved by the judgment of the trial court in determining that it had no jurisdiction of defendant Davis, filed his notice of appeal and assigned the following alleged error:

"The Court of Common Pleas erred in sustaining defendant's motion to dismiss because of lack of jurisdiction over the person" (Evan J. Davis).

The court wishes to direct attention to the following chronology of events:

7/28/63—Date of alleged accident.

7/15/65—Petition filed.

7/15/65—Summons issued.

7/16/65—Summons returned indicating residence service on defendant Edwin A. Jones on 7/16/65.

8/14/65—Motion of Edwin A. Jones to quash service of summons filed.

9/8/65—Affidavits of Edwin A. Jones and Katherine Jones filed.

9/8/65—Precipe filed for service of summons of nonresident under newly-enacted Section 2307.381 *et seq.*, Revised Code.

9/28/65—Summons issued by clerk.

10/19/65—Decision of trial court sustaining motion to quash filed.

10/27/65—Entry quashing service of summons on defendant Jones journalized.

10/27/65—Summons issued 9/28/65 for defendant Jones returned and filed.

The salient points to be observed in the above chronology are as follows:

On July 15, 1965, summons was issued for defendant Edwin A. Jones; summons was served July 16, 1965, at the residence of Edwin A. Jones; the affidavits of Edwin A. Jones and Katherine Jones were filed September 8, 1965; and the 60-day period within which to complete service of summons on defendant Jones expired September 13, 1965.

A praecipe was filed September 28, 1965, for service of summons under the new "long arm" statute upon nonresident defendants. This statute became effective that day.

On October 27, 1965, an entry was journalized in which the trial court held that the summons issued on July 16, 1965, was not left at the usual place of residence of defendant Edwin A. Jones, and, accordingly, the service of summons was quashed, set aside and held for naught.

In a journal entry filed June 14, 1966, the journal entry filed October 27, 1965, was cited and it was stated in the former journal entry that plaintiff did all that was in his power to comply with the statute pertaining to service of summons. The trial court further recited the fact that the motion to quash was filed August 14, 1965, and, since the trial court took until October 19, 1965, to decide the motion to quash service of summons on defendant Edwin A. Jones, plaintiff was justified in waiting until September 28, 1965, the day the "long arm" statute became effective, to issue alias summons.

The affidavits of defendant Jones and his wife, Katherine, unequivocally state that they have been residents of the state of Florida from the year 1957 until the date of the affidavit, August 17, 1965. The affiant, Edwin A. Jones, further states that he has no intention of returning to Jackson County for purpose of establishing his residence there. The affidavits further state facts to substantiate these allegations.

Pertinent parts of Section 2305.15, Revised Code, are as follows:

"When a cause of action accrues against a person, if he is out of the state, * * *, the period of limitation for the commencement of the action as provided in Sections 2305.-04 to 2305.14, inclusive, and Sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state * * *."

We are here dealing with Section 2305.10, Revised Code, which states:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

On September 28, 1965, plaintiff filed a precipe for service of summons on defendant Jones. On that date Section 2307.381 *et seq.*, Revised Code, became effective. Service was had on defendant Jones pursuant to that praecipe.

The praecipe filed September 28, 1965, requested that alias summons be issued for defendant Edwin A. Jones, for service upon the Secretary of State and by sending to defendant by registered mail a like, true and attested copy addressed to Edwin A. Jones, 4100 Cutlass Lane, Naples, Florida.

The return of the sheriff shows service on the Secretary of State and also upon defendant Edwin A. Jones by sending to him at his last known address, 4100 Cutlass Lane, Naples, Florida, by registered mail, postage prepaid, return receipt requested, a true and attested copy thereof, with an endorsement thereon of the service on the Secretary of State of Ohio as agent for the service of process.

According to the requirements of the statute the return receipt of defendant was attached to and made a part of the return. For some reason not explained by the record the return receipt was dated October 12, 1965, and postmarked Jackson, Ohio, and signed by an agent of addressee. The return of the sheriff shows that the registred letter was sent to defendant Jones as set forth above on October 1, 1965.

In this connection, see *Hendershot* v. *Ferkel*, 144 Ohio St. 112.

Since the cause of action accrued July 28, 1963; since defendant Jones had left Jackson County in 1957 with the intention of not returning and of making his home and establishing his residence in the state of Florida; since Section 2305.15, Revised Code, tolls the statute of limitations until defendant Jones returns to Ohio; since the petition was filed July 15, 1965; since the "long arm" statute for service of summons became effective September 28, 1965; since summons was issued on September 28, 1965; and since the statute of limitations had not run against the cause set forth in the petition on September 28, 1965, we hold that the service of summons was good on defendant Jones.

This is a procedural statute. All procedural statutes are remedial and should be liberally construed. Sections 1.11 and 1.12, Revised Code.

In *Wellston Iron Furnace Co.* v. *Rinehart*, 108 Ohio St. 117, at 121, the court said:

"Now these statutes regulating procedure are clearly remedial in their nature, as Judge Spear observes in the *Allen case, supra*, and therefore such sections should be liberally construed and applied to effect their self-evident purpose."

Defendant Jones was out of the state during the entire time from the date the cause of action accured until the date he made the affidavit. There is nothing in the record to show his return. Therefore, by the application of Section 2305.15, Revised Code, the statute of limitations did not run against the cause of action of plaintiff during that

time and plaintiff's service of summons upon defendant Jones was within time, and he is properly before the court. See *Commonwealth Loan Co. v. Firestine*, 148 Ohio St. 133, 172 A. L. R. 993; *Couts v. Rose*, 152 Ohio St. 458, 462.

In *Meekison v. Groschner*, 153 Ohio St. 301, 309, Stewart, J., speaking for the court, said:

"* * * This court, in two recent cases, has shown its philosophy to be in favor of not barring an action which has accrued to an Ohio citizen unless the statutes of limitation unequivocally require it. * * *"

Section 2703.04, Revised Code, states:

"When the action is rightly brought in any county, according to Sections 2307.32 to 2307.40 inclusive, of the Revised Code, a summons may be issued to any other county against one or more of the defendants at the plaintiff's request; * * *"

The cause of action accrued in Jackson County. Service of summons was, therefore, authorized on defendant Jones and defendant Davis by the provisions of Section 2307.381 *et seq.*, Revised Code.

The action was rightly brought in Jackson County. The service of summons was properly served within time on defendant Jones and defendant Davis. Therefore, defendants are now properly before the Common Pleas Court in Jackson County.

*Judgment accordingly.*

TROOP and ABELE, JJ., concur.

TROOP, J., of the Tenth Appellate District, sitting by designation in the Fourth Appellate District.