SEELEY ET AL., APPELLEES, v. EXPERT, INC., ET AL., APPELLANTS.

[Cite as Seeley v. Expert, Inc. (1971), 26 Ohio St. 2d 61.]

(No. 69-837—Decided April 21, 1971.)

*Messrs. Boxell, Bebout, Torbet & Baker* and *Mr. Earl F. Boxell,* for appellees.

*Messrs. Bowman, Abel, Raitz & Cox* and *Mr. C. David Cox, Jr.,* for appellants.

LEACH, J. The single question presented herein is whether the causes of action of the plaintiffs, suit having been filed some four years and eight months after the automobile accident, are barred by statutes of limitation.

The solution of this question necessarily involves consideration of three subsidiary questions: (1) Whether the case is governed by the Ohio law as to limitations of actions,

(2) whether the "savings clause," R. C. 2305.15, applies to defendants who have never been residents of Ohio, and (3) whether applicable Ohio statutes of limitation are tolled by the continued absence from Ohio of a nonresident defendant who is the operator or owner of a motor vehicle involved in an accident or collision occurring in Ohio.

One of the claims made by defendants in the trial court was that since all the parties were residents of Michigan the action should be barred by the three-year statute of limitations of Michigan. Although the same claim was not *specifically* advanced in this court, it would appear to be implicitly involved in the apparent assertion of defendants that a different rule of law should apply where the *plaintiff*, as well as the defendant, is a nonresident of Ohio.

In *Ellis* v. *Garwood* (1958), 168 Ohio St. 241, this court held that "both the substantive and procedural laws of Ohio" are applicable to a suit in this state arising from automobile accidents in this state where the drivers of both cars were nonresidents of Ohio.

Accordingly, we conclude that where a nonresident of Ohio sues another nonresident in an Ohio court for damages arising from an automobile accident which occurred in this state, the case is governed by both the substantive and procedural laws of Ohio.

Under the procedural law of Ohio, relating to statutes of limitation, no distinction is made as to whether the party-plaintiff is or is not a resident of Ohio. Thus we must conclude that the law of this case is not affected by the fact that *plaintiffs* were residents of Michigan instead of Ohio.

We turn now to the question of whether the provisions of the "savings clause," R. C. 2305.15, are only applicable to situations where a resident defendant absents himself from the state after the event giving rise to a cause of action or whether they apply to persons who are continuously absent from the state by virtue of having been nonresidents of Ohio at such time.

There are cases in other states holding the "savings clauses" of such states, tolling the running of the statutes of limitation, to be applicable only to persons who were

64

residents of the state at the time the cause of action arose. See annotations in 94 A. L. R. 485; 119 A. L. R. 859; 17 A. L. R. 2d 502. Such an interpretation was adopted, at one time, by the Court of Appeals for Lucas County, it holding in *Canaday* v. *Hayden* (1947), 80 Ohio App. 1, that:

"The provisions of Section 11228, General Code, known as the 'saving clause,' imply that residence of the defendant within this state is the central fact, and if an action be brought against a nonresident pursuant to the provisions of Section 6308-1 *et seq.,* General Code, the provisions of Section 11228, General Code, have no application, and the general statute of limitation of actions is not tolled by reason of the absence of a nonresident from the state."

This holding of *Canaday,* however, was expressly rejected by this court in *Meekison* v. *Groschner* (1950), 153 Ohio St. 301. That case was certified to this court by the Court of Appeals for Henry County as being in conflict with the judgment in *Canaday.* While a promissory note, and not an automobile accident, was the basis of the claim in *Meekison,* the question of whether the "savings clause" (then G. C. 11228) applied to persons who had always been nonresidents of Ohio would be the same in either event.

Paragraph two of the syllabus of *Meekison* holds that:

"Where the obligor of a promissory note, payable to a resident of Ohio at his place of residence, is and has been continuously absent from the state of Ohio, Section 11228, General Code, applies and the period of limitation for the commencement of an action against the obligor after default of his obligation does not begin to run until he comes into the state, whether his absence resulted from his leaving the state after he executed the promissory note or from his nonresidency of the state at the time of such execution."

While acknowledging that "courts have sharply divided upon this proposition," Judge Stewart stated in *Meekison,* at pages 308, 309:

"We can see no difference in principle where a debtor is absent from Ohio because of residence in another state, whether that residence began before the execution of the contract upon which a cause of action subsequently arose

or whether the nonresidency of Ohio began after the execution of the contract but before a cause of action arose upon it.

"Section 11228, General Code, provides:

" 'When a cause of action accrues against a person, if he is out of the state, * * * the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state * * *.'

"Whether the debtor is out of the state because he has left it and gone elsewhere or because he resides elsewhere, he is still, in the words of the statute, 'out of the state.' Under the statute, the period of limitation does not run against his creditor until the debtor comes within the state."

By applying *Meekison*, the United States Court of Appeals for the Sixth Circuit held that the Ohio "savings clause," tolling any statute of limitations while a potential defendant remains out of Ohio, operated to toll the running of the two-year Ohio statute of limitations for personal injuries, de pite the fact that the defendant resided continuously in Michigan, and the plaintiff could have brought action in Ohio at any time after the collision under the provisions of R. C. 2703.20. *Chamberlain* v. *Lowe* (1958), 252 F. 2d 563.

We conclude that the provisions of R. C. 2305.15, tolling the running of the Ohio statutes of limitation during the time a defendant is absent from the state of Ohio, are not limited in their application to persons who were residents of Ohio at the time the event giving rise to a cause of action took place, but also include persons who have never been residents of Ohio.

The most troublesome question presented by this case is whether such a "savings clause" is or ever should be applicable to toll a statute of limitations in cases where there is no need for such tolling; in cases where suit may be commenced *at any time* and a judgment *in personam* obtained despite the absence of the defendant from the state of Ohio.

Service on the defendants herein was obtained pur-

cuant to the provisions of R. C. 2703.20[2] through service on the Secretary of State.

Since defendants were continuously nonresidents of Ohio, they were subject to service under the provisions of R. C. 2703.20 at any time. Defendants, therefore, urge this court to hold, as a proposition of law, that the provisions of R. C. 2305.15, tolling the running of the Ohio statutes of limitation during the absence of a defendant from this state, do not apply to a nonresident of Ohio who is continually amenable to process through the substituted-service provisions of R. C. 2703.20.

R. C. 2305.15[3] itself contains no language which would support that construction. Such a construction could be justified, as a matter of interpretation of legislative language, only by, in effect, adding to the specific language of the statute some im_,lied language of purpose or intent; or by accepting the premise that where a defendant

---

[2]R. C. 2703.20 provides, in part:

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or having the same operated, within this state, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts, by such acceptance or licensure and by the operation of such motor vehicle within this state makes the Secretary of State of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved. Such appointment shall be irrevocable and binding upon the executor or administrator of such nonresident operator or owner."

"* * *

[3]R. C. 2305.15 reads:

"When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in Sections 2305.04 to 2305.14, inclusive, and Sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed. *After the cause of action accrues if he departs from the state,* or absconds or conceals himself, *the time of his absence* or concealment *shall not be computed* as any part of a period within which the action must be brought." (Emphasis added.)

is continuously amenable to some sort of valid process (or where service of process is not required to obtain a judgment), the tolling provisions of R. C. 2305.15, otherwise applicable, are not needed.

In essence, defendants are asserting that where there is *no need* to toll the statute of limitations, R. C. 2305.15 does not apply even though no legislation specifically so provides.

Were this a question of first impression in Ohio, the adoption of such a rule might be justified upon the basis that the purposes to be served by tolling the statute of limitations are necessarily so interwoven into the statute— even though not expressed—that the application of the statute is limited to cases where suit cannot be instituted because the defendant is not amenable to process.

That concept was discussed and rejected by this court in *Commonwealth Loan Co.* v. *Firestine* (1947), 148 Ohio St. 133, in a case involving a cognovit note, the syllabus reading:

"The Ohio promisee and holder of a cognovit note executed in Ohio, suing thereon, may invoke the saving provision of Section 11228, General Code, against the promisor who had left the state of Ohio and had become a resident of another state for a period of years, notwithstanding such absent promisor had executed a warrant of attorney to confess judgment on the note whereby personal judgment could have been rendered against him in Ohio without service of summons, in an action commenced within the 15-year limitation prescribed by Section 11221, General Code."

The opinion of Judge Zimmerman in *Commonwealth*, at page 136, stated:

"Naturally the decision of this court must rest on the statutory law of Ohio, and the important question in the litigation is whether plaintiff may take advantage of the saving clause, contained in Section 11228, General Code, under the circumstances presented.

"Most of our states have statutory provisions tolling the running of statutes of limitation during the absence or nonresidence of a defendant from the state. In the

cases decided under statutes of this type, the majority of courts appear to have taken the position that even where absence or nonresidence occurs, if service of process can be obtained in the state enabling the plaintiff to institute an action on his claim, the period of defendant's absence should not be excluded from the period of limitation, and the running of the statute is therefore not suspended during such absence. That result has often been reached in those instances where the defendant, although absent from the state for considerable periods of time, maintains a home or place of business in the state where service on him can be effectively obtained by leaving a copy of the summons at one of such establishments. 34 American Jurisprudence, 178, Section 221; annotation, 94 A. L. R., 485; annotation, 119 A. L. R., 859.

''On the other hand, a number of cases hold that statutory provisions tolling the running of statutes of limitation during the absence or nonresidence of a defendant apply even if plaintiff could satisfy his claim during such absence or nonresidence by proceeding against property of the defendant located within the state. 34 American Jurisprudence, 180, Section 223; annotation, 119 A. L. R. 331.

''* * *

''* * * Section 11228, General Code, provides in unequivocal terms, without qualification or exception, that if a person, after the accrual of a cause of action against him, departs from the state, the time of his absence *shall not* be computed as any part of a period within which the action must be brought.

''Had the General Assembly intended to remove from the operation of the statute those causes of action against persons absent from the state but against whom judgment might be taken by confession, it could have done so by the use of appropriate language. If this court were to exempt these defendants from the terms of the statute, it would be doing that which the General Assembly has not seen fit to do and would be indulging in judicial legislation.''

In *Couts* v. *Rose* (1950), 152 Ohio St. 458, this court

rejected the assertion that the "savings clause" does not apply to a case where substituted-service may be had against a nonresident defendant under G. C. 6308-1 (R. C. 2703.20), the syllabus stating:

"A person injured in an automobile collision occurring in this state is not obliged to institute his action for his injury against a nonresident defendant and secure service through Section 6308-1, General Code, within the time limitation provided by Section 11224-1, General Code, but under favor of the provisions of Section 11228, General Code, he may proceed to institute his action through Section 6308-1, General Code, at any time before the defendant returns to the state."

The opinion of Judge Hart in *Couts* quoted with approval the language of Judge Zimmerman in the *Commonwealth Loan Co.* case (148 Ohio St. 133), and noted that in the adoption of G. C. 6308-1 (R. C. 2703.20) "the General Assembly failed, by way of amendment, to engraft any exceptions or limitations on the provisions of Section 11228" (R. C. 2305.15).

Defendants seek to distinguish *Couts* upon the basis that, here, all the parties are nonresidents of Ohio. While there are factual differences, we conclude that it may not be distinguished in basic legal principle. In *Couts,* the defendant was continuously amenable to process, initially as a resident and later as a nonresident. Here, the defendants were continually amenable to process as nonresidents.

Any rule establishing the inapplicability of the "savings clause" to situations where a defendant is amenable to process could not logically make any distinction as to the type of process. It logically would have to apply regardless of whether the nonresident was amenable to process under R. C. 2703.20, under the "long-arm" statutes, R. C. 2307.382 and 2307.383,[4] or by some other method. It likewise would

---

[4]In *Mercer* v. *Jones* (1968), 18 Ohio App. 2d 57, the Court of Appeals for Jackson County held:

"By virtue of the provisions of Section 2305.15, Revised Code, the period of limitation for the commencement of an accrued action provided in, *inter alia,* Section 2305.10, Revised Code ('within two years after the cause thereof arose') against a person who is out of the

apply where service of process is not needed to obtain a personal judgment, e. g., cognovit judgments. Then, too, if the test is simply amenability to process, the "savings clause" would not be applicable, despite its language, to a person who "conceals himself" if he is amenable to process under R. C. 2703.20 as "the licensed operator or owner of any motor vehicle * * * who * * * conceals his whereabouts."

Defendants, in effect, contend that the rule of law established by *Commonwealth* (148 Ohio St. 133) and by *Couts* (152 Ohio St. 458) is incompatible with that announced in *Title Guaranty & Surety Co.* v. *McAllister* (1936), 130 Ohio St. 537, and *Thompson* v. *Horvath* (1967), 10 Ohio St. 2d 247. It is argued that both *Title Guaranty* and *Thompson* stand for the general proposition that the statute of limitations continues to run whenever a defendant is amenable to process. *Title Guaranty* involved a foreign insurance company which, as a condition of transacting business in Ohio, had filed, as required by statute, a consent to service by copy mailed to its home office. *Thompson* involved a domestic corporation continuously amenable to process under R. C. 1701.07(H).

The syllabus of *Thompson* states:

"Section 2305.15 of the Revised Code does not toll the running of the statute of limitations, where the defendant domestic corporation is continually amenable to process through the substituted-service provisions of Section 1701.-07(H) of the Revised Code. (*Title Guaranty & Surety Co.* v. *McAllister, Admx.*, 130 Ohio St. 537, followed. *Commonwealth Loan Co., Inc.*, v. *Firestine*, 148 Ohio St. 133, and *Couts* v. *Rose*, 152 Ohio St. 458, distinguished.)"

On the question of "presence" or "absence" from this state, the opinion in *Thompson* states:

"The plaintiff relies heavily on *Commonwealth Loan*

state does not begin to run until he comes into the state. Service of summons on a nonresident under Section 2307.381 *et seq.*, Revised Code (the so-called 'long arm' statute), is within time where, because of his absence from the state, the statute of limitations has not run against the cause of action."

Motion to certify the record was denied by this court on February 11, 1969 (No. 68-646).

*Co., Inc.,* v. *Firestine,* 148 Ohio St. 133 (1947), and *Couts* v. *Rose,* 152 Ohio St. 458 (1950). In each case, the savings statute tolled the statute of limitations even though the plaintiff could have obtained a judgment on the absent defendant. The court in each case relied on the actual absence of the defendant (in each case a real person) from the state. Although the savings statute does speak in terms of presence or absence rather than in terms of amenability to process, the literal application of the presence test makes sense only when the defendant is a real person, whose location determines presence *vel non.* A corporation, unlike a real person, has no physical presence but is rather a creature of the law. * * *''

Defendants urge this court to reexamine the position taken in *Commonwealth* and *Couts.* They point out that a majority of the states,[5] with comparable ''savings clause'' statutes, have taken the view that the statute of limitations is not tolled under circumstances of amenability to process. Their position presents a very persuasive argument for change in the existing Ohio law in such respect. We conclude, however, that a change of the law by court ''interpretation'' at this time would be violative of the basic rules of statutory interpretation.

While the developments of the now accepted principles of substituted service under nonresident (and concealed) motorists statutes, and the advent of the ''long-arm'' statutes may have eliminated much of the need for a ''savings clause,'' it must be recognized that a court, in interpreting a legislative enactment, may not simply rewrite it on the basis that it is thereby improving the law.

In the second paragraph of the syllabus of *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621, this court held:

''* * * The intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The

---

[5]See cases annotated in 94 A. L. R. 405; 119 A. L. R. 859 and 17 A. L. R. 2d 502.

question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.''

The literal language of the Ohio ''savings clause'' is tied to the tolling of acts which prevent *personal service* in Ohio rather than to acts which would prevent any judgment *in personam*. Even assuming that a legislative intent to the contrary might have been inferred prior to judicial determination by this court rejecting such a position, principles of *stare decisis* and legislative acceptance should preclude the overruling of *Commonwealth* and *Couts* at this time.

Whether we would or would not have agreed with the reasoning of *Commonwealth* and *Couts* at the time they were decided, we are, in the words of Judge Peck in his concurring opinion in *State, ex rel. Allison,* v. *Jones* (1960), 170 Ohio St. 323, being asked to ''disavow a conclusion thoughtfully arrived at by this court,'' a result which tends to ''cause its decisions to be suspect as fragile ephemeral things.'' Judge Peck then stated:

''* * * In the American form of government the executive and legislative branches are provided to be subject to reasonably constant variation and one of the most ponderous counterweights provided by the judiciary to the balance of powers is that of continuity and steadfastness. This need for stability of principle has occasioned the doctrine of *stare decisis* and causes it to be compelling among those who would despair at seeing the judiciary become subservient to whim.''

In interpreting the meaning of legislative language, it is not unimportant that the General Assembly has failed to amend the legislation subsequent to a prior interpretation thereof by this court. *Mahoning Valley Ry. Co.* v. *Van Alstine* (1908), 77 Ohio St. 395, 411; *State, ex rel. Stanton,* v. *Zangerle* (1927), 117 Ohio St. 436, 439; *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, 171, 172. A reenactment of legislation, without modification after judicial interpretation, is a further indication of implied legislative approval

of such interpretation. As stated in *Doll* v. *Barr* (1898), 58 Ohio St. 113, 121:

"* * * The re-enactment of that section without change after that decision, in the Civil Code, and then in the Revised Statutes, may be accepted as an unqualified recognition of the legislative intention as so judicially declared. * * *"

See, also, *Geiger* v. *Geiger* (1927), 117 Ohio St. 451, 469; 50 Ohio Jurisprudence 2d 297-299; 50 American Jurisprudence 461.

In accordance with our holding in *Couts* v. *Rose* (152 Ohio St. 458), we conclude that the provisions of R. C. 2305.-15, tolling the running of the Ohio statutes of limitations during the time a defendant is absent from the state of Ohio, are applicable despite the fact that suit could have been brought in Ohio at any time after the automobile accident by virtue of R. C. 2703.20, which permits service of process on a nonresident motorist or owner of a motor vehicle by service on the Ohio Secretary of State, with copy mailed to the defendant's last known address.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN and STERN, JJ., concur.

SCHNEIDER, J., dissents generally for the reasons stated in the dissenting opinion of DUNCAN, J.

DUNCAN, J., dissents.

DUNCAN, J., dissenting. The opinion of the majority is both well prepared and well reasoned, using keen tools of judicial determination, *stare decisis* and the presence of a rule of law for a long period of time unaltered by legislative action. Such considerations are indeed of powerful impact upon a tribunal in adjudicating important matters, and I believe rightfully so. The precedent established by this court in *Meekison* v. *Groschner* (1950), 153 Ohio St. 301; and *Couts* v. *Rose* (1950), 152 Ohio St. 458, and cases citing them as authority in interpreting R. C. 2305.15

are forceful and have been well followed in Ohio. But by no means should longevity and prior utilization make precedent infallible.

Although consideration of legislative inactivity after court determination of a statute should be given, it has never been an absolute bar to a redetermination of a prior judicial determination.

I do not believe the General Assembly intended to provide a savings clause for a defendant nonresident of Ohio who may never physically return to Ohio, where such person at all times is amenable to service of process and, thereafter, the jurisdiction of our courts. R. C. 2305.15 was enacted to protect a party from a loss of a cause action by the passage of time in the event a person is out of the state beyond the reach of court service of process.

There is no merit to retaining a rule based on a precedent which makes no contribution to the orderly progressions of cases in our courts, and frustrating the very reasons for having statutes of limitations. I believe this court does have a choice to do otherwise. I would take it, and insofar as prior judicial commitments of this court have called for the result reached by the majority, they, in my view, should be overruled.