DILTZ ET AL. *v.*
FORD-NEW HOLLAND, INC.

(No. 87-CI-196—Decided
March 14, 1988.)

Court of Common Pleas of
Pickaway County.

*Charles W. Hess,* for plaintiffs.
*Vincent J. Lodico,* for Sperry-New Holland and Ford-New Holland, Inc.
*James E. Phillips,* for Lear Siegler, Inc.

AMMER, J. The second amended complaint filed in this case names Lear Siegler, Inc. as a defendant. The basis of this case is that the plaintiff purchased, from defendant Ford-New Holland, Inc., a field cultivator which was manufactured by a division of Lear Siegler, Inc. It appears that on May 10, 1985, the plaintiff removed a latch on one of the vertical portions of the cultivator in order to lower it after the hydraulic lowering mechanism had failed, and that the vertical section of the cultivator came down on the plaintiff, causing him various injuries. This action is brought on the claim of strict liability, as well as negligence, plus willful, reckless and wanton misconduct, and a claim for loss of consortium.

Lear Siegler, Inc. filed a motion to dismiss the second amended complaint on the basis that the claim against that corporation was barred by the statute of limitations.

Originally, the case was filed on April 30, 1987, against Ford-New Holland, Inc. and Sperry-New Holland, Sperry Corporation. On July 10, 1987, which was over two years past the date of the injury of May 10, 1985, plaintiffs filed their first amended complaint in which they added Will-Ric Farm, Inc., a Wisconsin corporation, as defendant. On August 13, 1987, the plaintiffs filed their second amended complaint in which they added Lear Siegler, Inc. as defendant, and deleted Will-Ric Farm, Inc. as a defendant.

Lear Siegler contends that the plaintiffs' claim against that corporation is barred by the statute of limitations.

R.C. 2305.10 provides that an action for bodily injury shall be brought within two years after the cause thereof arose. There appears to be no question but that the two-year statute of limitations would apply in this case.

Lear Siegler contends that it is clear from the face of the second amended complaint that the claim against it is barred since the injury occurred on May 10, 1985, and the second amended complaint was not filed until August 13, 1987. Lear Siegler further contends that it was always present in Ohio, through its statutory agent, which could have accepted per-

sonal service, and that there was no impediment to the plaintiffs' filing an action against Lear Siegler within the time allowed by statute. Lastly, Lear Siegler contends that it was not absent from Ohio within the meaning of R.C. 2305.15(A) at any time after the occurrence of the incident and that, therefore, there could be no tolling of the statute of limitations.

There is no question but that the C.T. Corporation in Cleveland, Ohio, was at all times pertinent herein the statutory agent for Lear Siegler, and could have accepted service if the same was attempted, as that corporation apparently has been the statutory agent in Ohio since 1961.

R.C. 2305.15(A) reads, in part, as follows:

"When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14 * * * of the Revised Code does not begin to run until he comes into the state or while he is so absconded or concealed. * * *"

The principal case relating to the tolling of the statute of limitations under the above statute is that of *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61, 55 O.O. 2d 120, 269 N.E. 2d 121. In that case the Supreme Court held that the statute of limitations is tolled during the time that a defendant is absent from the state of Ohio, even though suit could have been brought by serving that party's statutory agent. The court, in that case, indicated that the tolling of the statute is not dependent upon whether the court can acquire *in personam* jurisdiction and not dependent upon whether the defendant is amenable to service of process; rather, the criterion is whether the defendant is physically present in Ohio so as to be able to obtain personal service. The court held as follows:

"The provisions of R.C. 2305.15, tolling the running of the Ohio statutes of limitation during the time a defendant is absent from the state of Ohio, are applicable despite the fact that suit could have been brought in Ohio at any time after an automobile collision by virtue of R.C. 2703.20, which permits service of process on a nonresident motorist or owner of a motor vehicle by service on the Ohio Secretary of State, with copy mailed to the defendant's last known address. *Couts* v. *Rose,* 152 Ohio St. 458, followed." *Id.* at paragraph three of the syllabus.

In the opinion, Justice Leach stated the following:

"Any rule establishing the inapplicability of the 'savings clause' to situations where a defendant is amenable to process could not logically make any distinction as to the type of process. It logically would have to apply regardless of whether the nonresident was amenable to process under R.C. 2703.20, under the 'long-arm' statutes, R.C. 2307.382 and 2307.383, or by some other method. It likewise would apply where service of process is not needed to obtain a personal judgment, *e.g.,* cognovit judgments. Then, too, if the test is simply amenability to process, the 'savings clause' would not be applicable, despite its language, to a person who 'conceals himself' if he is amenable to process under R.C. 2703.20 as 'the licensed operator or owner of any motor vehicle * * * who * * * conceals his whereabouts.' " (Footnote omitted.) *Id.* at 69-70, 55 O.O. 2d at 125, 269 N.E. 2d at 127.

"In interpreting the meaning of legislative language, it is not unimportant that the General Assembly has failed to amend the legislation subsequent to a prior interpretation thereof by this court. *Mahoning Valley Ry. Co.* v. *Van Alstine* (1908), 77 Ohio St. 395, 411; *State, ex rel. Stanton,* v. *Zangerle* (1927), 117 Ohio St. 436, 439; *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, 171,

172. A reenactment of legislation, without modification after judicial interpretation, is a further indication of implied legislative approval of such interpretation. * * *

"'* * *

"In accordance with our holding in *Couts* v. *Rose* (152 Ohio St. 458), we conclude that the provisions of R.C. 2305.15, tolling the running of the Ohio statutes of limitations during the time a defendant is absent from the state of Ohio, are applicable despite the fact that suit could have been brought in Ohio at any time after the automobile accident by virtue of R.C. 2703.20, which permits service of process on a nonresident motorist or owner of a motor vehicle by service on the Ohio Secretary of State, with copy mailed to the defendant's last known address." *Id.* at 72-73, 55 O.O. 2d at 126-127, 269 N.E. 2d at 129.

In the case of *Commonwealth Loan Co.* v. *Firestine* (1947), 148 Ohio St. 133, 139, 35 O.O. 121, 124, 73 N.E. 2d 501, 504, the court stated the following:

"Had the General Assembly intended to remove from the operation of the statute [the predecessor of R.C. 2305.15] those causes of action against persons absent from the state but against whom judgment might be taken by confession, it could have done so by the use of appropriate language. If this court were to exempt these defendants from the terms of the statute, it would be doing that which the General Assembly has not seen fit to do and would be indulging in judicial legislation."

The court also held in the case of *Couts* v. *Rose* (1950), 152 Ohio St. 458, 40 O.O. 482, 90 N.E. 2d 139, that even though the defendant was amenable to service of process by serving his agent appointed by law, that the savings clause applied as there was a tolling of the running of the statute of limitations while the defendant was out of the state.

There is no question in this case that the defendant, Lear Siegler, was not present in the state of Ohio during the relevant time, but did have a statutory agent in this state. It is to be noted that R.C. 2305.15 was "reenacted" (amended) effective July 9, 1986, fifteen years after the *Seeley* case, and that the subject provision was unchanged. Thus, it would appear that the controlling law in this state is that of the *Seeley* case as previously set forth.

The defendant, Lear Siegler, has filed a reply memorandum in which reference is made to the case of *Bruck* v. *Eli Lilly & Co.* (S.D. Ohio 1981), 523 F. Supp. 480, appeal dismissed (C.A.6, 1982), 698 F. 2d 1217, in which the plaintiffs were residents of Ohio and filed a wrongful death action, including a claim for the deceased's pain and suffering, against various nonresident corporations over two years after the cause of action for pain and suffering arose. The defendants moved for partial summary judgment on the basis of the running of the two-year statute of limitations. The federal court in that case acknowledged the ruling in the *Seeley* case, but held that the statute of limitations was not tolled by the savings clause as to the moving nonresident corporate defendants because "all [of the relevant defendants] had statutory agents in the state for the purpose of receiving service of process and this is clearly indicated in the record. * * *" *Id.* at 484.

It is clear that the holding of the federal court in the *Bruck* case is in direct conflict with the holding of the Supreme Court of Ohio in the *Seeley* case. However, this court must be bound by the ruling of the highest court of this state when such a conflict appears.

The court therefore concludes,

under the ruling of the *Seeley* case, that, as the defendant Lear Siegler was not in the state of Ohio during the relevant period, there was a tolling of that time under R.C. 2305.15(A), even though Lear Siegler did have a statutory agent in this state. That being the case, the court overrules the motion of defendant Lear Siegler to dismiss the second amended complaint. The court will grant the defendant Lear Siegler, Inc. a period of fourteen days from the date of the filing of the journal entry in which to plead further.

Counsel for the plaintiffs will prepare a journal entry consistent with the above ruling of the court.

*Motion to dismiss*
*overruled.*