DEATON, Appellee,

v.

McINTOSH, Appellant.

[Cite as *Deaton v. McIntosh* (1992), 82 Ohio App.3d 688.]

Court of Appeals of Ohio,
Butler County.

No. CA92–03–039.

Decided Oct. 5, 1992.

*Charles K. Deaton, pro se.*

*Lamon McIntosh, pro se.*

KOEHLER, Judge.

Defendant-appellant, Lamon McIntosh, appeals the decision of the Middletown Municipal Court, Small Claims Division, in favor of plaintiff-appellee, Charles K. Deaton.

On November 20, 1991, Deaton filed a complaint in the small claims court against McIntosh, his landlord, for "return of security deposit and water bill refund." He asked for judgment in the amount of $659.88 plus interest and costs. On December 10, 1991, McIntosh filed a counterclaim for unpaid rent in the amount of $373.97.

A hearing was held before a referee on December 17, 1991. After the hearing, McIntosh filed a motion to transfer the case to the regular civil docket of municipal court and a supporting affidavit pursuant to R.C. 1925.10. In his report issued on January 29, 1992, the referee recommended that the court award judgment in favor of Deaton and that it dismiss McIntosh's counterclaim. The referee also recommended that McIntosh's motion to transfer be denied because it was not timely filed. The trial court affirmed

the referee's recommendations and entered judgment accordingly. This appeal followed.

McIntosh presents four assignments of error for review. In his fourth assignment of error, McIntosh states that the trial court erred in overruling his motion to transfer the case to the regular civil docket of municipal court. McIntosh argues that his motion to transfer was made before the end of the proceedings pursuant to the requirements of R.C. 1925.10. We find this assignment of error to be well taken.

R.C. 1925.10 provides:

"A case duly entered on the docket of the small claims division shall be transferred to the regular docket of the court upon the motion of the court made at any stage of the proceeding, upon the motion of a party against whom a claim, counterclaim, or cross-claim is instituted, upon the motion of a third-party defendant, or by the filing of a counterclaim or cross-claim in an amount of one thousand five hundred dollars or more. The motion shall be accompanied by an affidavit stating that a good defense to the claim exists, setting forth the grounds of the defense, and setting forth the compliance of the party or third-party defendant with any terms fixed by the court. The failure to file a motion to transfer the case to the regular docket of the court constitutes a waiver by the party or third-party defendant of any right to trial by jury."

▪ In interpreting a statute, a court must first look to the language of the statute itself to determine legislative intent. If the language used is clear and unambiguous, the interpretive effort is at an end and the statute must be applied as written. *Bryant v. Dayton Casket Co.* (1982), 69 Ohio St.2d 367, 369, 23 O.O.3d 341, 342, 433 N.E.2d 142, 143; *Seely v. Expert, Inc.* (1971), 26 Ohio St.2d 61, 71–72, 55 O.O.2d 120, 126, 269 N.E.2d 121, 128. Courts have a duty to give effect to all of the words used, not to delete words used or to insert words not used. *In re Burchfield* (1988), 51 Ohio App.3d 148, 152, 555 N.E.2d 325, 329. A court may not simply rewrite a statute on the basis that it is improving it. *Seely, supra,* 26 Ohio St.2d at 71, 55 O.O.2d at 125, 269 N.E.2d at 128.

▪ In our view, the language of R.C. 1925.10 is clear and unambiguous and should be applied as written. The trial court held that McIntosh's motion was untimely because it was filed after the hearing. However, R.C. 1925.10 does not state a time period in which the motion to transfer to the regular docket must be filed. *McKinley v. Kremis* (Sept. 18, 1984), Mahoning App. No. 83 C.A. 118, unreported, 1984 WL 3738. It states that a case entered on

the docket of a small claims division shall be transferred on motion "made at any stage of the proceeding."

It is well settled that when a particular term used in a statute is not defined, it will be accorded its plain, ordinary meaning. *Sharp v. Union Carbide Corp.* (1988), 38 Ohio St.3d 69, 70, 525 N.E.2d 1386, 1387. Webster's Third New International Dictionary (1981) 1807, defines a "proceeding" as "the course of a procedure in a judicial action or in a suit in litigation * * *." Black's Law Dictionary (5 Ed.Rev.1979) 1803, defines a "proceeding" as "the form and manner of conducting judicial business before a court or judicial officer. Regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment." Thus, the term "proceeding" is not limited to the time before trial and, under the statute, a motion to transfer may be filed prior to the entry of judgment.

Further, the provisions of R.C. 1925.10 are not discretionary. The use of the word "shall" makes the statute mandatory, there being no other legislative intent indicated. *McKinley, supra; Petiniot v. Walker* (Feb. 27, 1976), Lucas App. No. L–75–253, unreported. See, also, *Naples v. Motorists Ins. Co.* (June 21, 1985), Trumbull App. No. 3476, unreported.

McIntosh filed his motion and supporting affidavits as required by R.C. 1925.10. The trial court erred in overruling McIntosh's motion to transfer and his fourth assignment of error is sustained. The case is remanded for transfer to the regular civil docket of municipal court. Since we find this assignment of error to be dispositive of the appeal, we find all other assignments of error to be moot and decline to address them.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., and WALSH, J., concur.