Turner, J.
 

 The decision of this case depends upon whether the six-year limitation contained in Section 8321, General Code, is a limitation not only on the remedy, but of the right as well. Stated differently, may the saving clause of Section 11228, General Code, toll the limitation contained in Section 8321?
 

 Section 8321, General Code, provides: ‘ ‘ The several liens herein provided for shall be liens from the date the first labor was performed, or the first machinery, materials, or fuel, was furnished by the contractor under the original contract,
 
 and shall continue for six years after said affidavit is filed in the office of the county recorder.
 
 If the action be brought to enforce such lien within that time, it shall continue in force until final adjudication thereof * * V’ (Italics ours.)
 

 In the case of
 
 C. C. Constance & Sons
 
 v.
 
 Lay,
 
 122 Ohio St., 468, 172 N. E., 283, this court held:
 

 “Our mechanic’s lien law contains the provision that the same shall be liberally construed in so far as it is remedial, but this does not justify the relinquishment of a mandatory requirement of the law respecting the perfection of a lien. This statute confers an extraordinary right in derogation of the common law, and, though liberality with reference to errors in procedure is permissible, the steps prescribed by the statute to perfect such lien must be followed, and in that respect the law is strictly construed and applied. ’ ’
 

 
 *256
 
 In the case of
 
 Mahoning Park Co.
 
 v.
 
 Warren Rome Development Co.,
 
 109 Ohio St., 358, 142 N. E., 883, this court held:
 

 ‘ ‘ The character, operation, and extent of a statutory-lien must be ascertained from the statute creating and defining it. Such statute cannot be amended or extended by judicial construction to meet a situation not provided for nor contemplated thereby. The remedy is legislative.”
 

 In the case of
 
 Bonte
 
 v.
 
 Taylor,
 
 .24 Ohio St., 628, in passing upon the time within which an action had to be brought under the Act of March 29, 1867 (64 Ohio Laws, 75), this court held:
 

 “1. A petition filed in such action, which shows on its face that the statutory period for the continuance of such lien had expired before the commencement of the suit, does not state facts sufficient to constitute a cause of action.
 

 “2. * * *
 
 This statute, unlike the statute of limitations, does not limit the time within which an action may be brought upon an existing cause of action, but limits the period for which the lien itself, as a cause of action, shall continue.”
 

 See, also,
 
 Pittsburgh, C. & St. L. Ry. Co.
 
 v.
 
 Hine, Admx.,
 
 25 Ohio St., 629;
 
 Errett, Gdn.,
 
 v.
 
 Howert,
 
 78 Ohio St., 109, 84 N. E., 753;
 
 McVeigh
 
 v.
 
 Fetterman,
 
 95 Ohio St., 292, 116 N. E., 518;
 
 McCord
 
 v.
 
 McCord,
 
 104 Ohio St., 274, 135 N. E., 548; and
 
 Beach
 
 v.
 
 Union Gas & Electric Co.,
 
 130 Ohio St., 280, 199 N. E., 181.
 

 The following quotation from 19 Am. & Eng. Ency. Law (2 Ed.), 150, was quoted with approval by Judge Davis in
 
 Errett, Gdn.,
 
 v.
 
 Howert, supra,
 
 and is reproduced in 25 Ohio Jurisprudence, 426:
 

 “A
 
 wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which
 
 *257
 
 the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether.”
 

 In 37 Corpus Juris, 974, Section 354, it is said:
 

 “Fraudulent concealment of a cause of action does not toll the statute where the latter creates the right and makes the cause of action conditional upon suit being brought within a specified time.”
 

 In 36 American Jurisprudence, 153, Section 241, it is said:
 

 “An action to enforce a mechanic’s lien, like all other actions, must be brought within the time prescribed by statute. Whether the right to the lien is lost by failure to commence the action within the time prescribed by statute depends upon whether the particular statutory provision is a statute of limitations or a statute limiting the duration of the lien. The courts of most jurisdictions treat such statutes as statutes limiting the duration of the lien. Consequently, it is generally held that the failure to enforce the lien within the time prescribed by statute is not waived by failure to raise such objection by demurrer or answer.
 

 “Whether a statutory provision suspending the running of the statute of limitations during the absence of a debtor from the state applies to a proceeding to enforce a mechanic’s lien is in the first instance a question of construction of the local statutes. Where the proceeding is one
 
 in
 
 rem, the nonresidence of a purchaser or encumbrancer after the lien has attached will not toll the statute of limitations applicable to the foreclosure of the lien * * See, also, 34 American Jurisprudence, 20, Section 11.
 

 In 36 American Jurisprudence, 153, Section 240, it is said:
 

 “Proceedings to enforce a mechanic’s lien are substantially
 
 in rem.
 
 However, in some respects they are actions
 
 in personam.
 
 For example, a judgment
 
 in
 
 
 *258
 

 personam
 
 may be rendered in such a proceeding when there is a contractual relation between the lienor and the owner of the property or the principal contractor; consequently, it can properly and generally be said, that the action on the contract or debt is-
 
 in personam,, while the lien proceedings are in rem against' the property.”
 
 (Italics ours.)
 

 While the Court of Common Pleas in its opinion held' that the six-year period of lien went “directly to the validity of the cause of action and is not merely a provision affecting the remedy,” it finally disposed of the case on the ground that the plaintiff below furnished the labor and materials as a contractor and, by reason of his failure to furnish the statement required by Section -8312, General Code, no lien on the premises was obtained and, therefore, the time within which the action should have been begun was immaterial.
 

 The appeal to the Court of Appeals being on law and fact, that court permitted plaintiff to amend his pleadings and introduce further evidence, from which it was found that plaintiff had two contracts with the owner, one as a contractor and one as a materialman.
 

 The Court of Appeals agreed with the Court of Common Pleas that as a contractor plaintiff could not recover, but for that part of the lien which covered materials furnished to the owner, the plaintiff might recover, as the action had been brought in time under Section 11228, General Code, which provides:
 

 “When a cause of action accrues against a
 
 person,
 
 if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action
 
 as provided in this chapter,
 
 shall not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period
 
 *259
 
 within which the action must he brought.” (Italics ours.)
 

 Section 11218, General Code, which is a part of the same chapter which contains Section 11228, General Code, provides:
 

 “A
 
 civil action,
 
 unless a different limitation is prescribed by statute,
 
 can be commenced only within the period prescribed in this chapter.”' (Italics ours.)
 

 It will, therefore, be seen that Section 11228, General Code, applies only to an action
 
 in personam,
 
 and refers only to the periods of limitation provided in “this chapter.” The limitations provided in “this chapter” are limited to the cases where
 
 no different limitation is prescribed by statute.
 

 An action or proceeding to enforce or foreclose a mechanic’s lien is an action
 
 in rem
 
 against the property upon which the lien has been perfected and does not require a judgment
 
 in personam.
 
 It is true that under Section 8323, General Code,
 
 in addition to the remedies prescribed by the mechanic’s lien law,
 
 any person holding a mechanic’s lien may proceed by petition as in other cases of liens, but this does not alter the fact that the foreclosure of a mechanic’s lien is an action
 
 in rem
 
 and not one
 
 in personam.
 

 Plaintiff did not need to secure service of summons upon the owners or a waiver thereof, for it is specifically provided at the end of ‘Section 8323-3, General Code, that: “In any proceeding to enforce the lien granted herein service may be had by publication as in civil actions.”
 

 The fact that the owners of the premises, some two years after the filing of plaintiff’s petition, entered a special appearance, is helpful only in emphasizing that this action was one
 
 in rem
 
 and not
 
 in personam.
 
 Of this qualified waiver of summons and entry of appearance, the Court of Appeals said in its opinion: “November 12, 1937, the defendants, Alice E. Irwin and IX IX Irwin, executed a written waiver of summons
 
 *260
 
 and entered their appearance as defendants, and consented that the mechanic’s lien set forth in plaintiff’s petition be foreclosed, and conferred upon the court jurisdiction over them as defendants for all purposes necessary to accomplish and bring about the foreclosure of the mechanic’s lien and sale, waiving publication of all notices provided by law, but with the condition attached that no personal judgment be taken or entered against them.”
 

 While such entry of appearance waived the necessity of service by publication, the time had long since expired when such service would have availed.
 

 In
 
 Bartol
 
 v.
 
 Echert,
 
 50 Ohio St., 31, 33 N. E., 294, this court held that Section 4989, Revised Statutes (now Section 11228, General Code — absence from state), did not extend the time for bringing an action to revive a judgment. At page 44, Judge Dickman said: “Besides, such absence of the defendant has not prevented the plaintiff from effectively instituting proceedings of a revivor, for, it has been competent to her for that purpose, to make due and legal service upon the defendant by publication. ’ ’
 

 As plaintiff below had at all times during the six-year period the right to foreclose his lien, if any, after service by publication as provided in Section 8323-3,
 
 supra,
 
 and as Section 11228, General Code, does not apply to extend the time for foreclosing a mechanic’s lien, the decree of the Court of Appeals must be modified.
 

 We hold, therefore, that the limitation of time contained in Section 8321, General Code, is made an essence of the right created and that a lapse of the statutory period extinguishes the right altogether.
 

 We further hold that Section 11228, General Code, is not a saving clause applicable to proceedings brought to foreclose a mechanic’s lien on real property located in this state.
 

 Therefore, the decree of the Court of Appeals, to the
 
 *261
 
 extent that it holds appellee’s lien to be valid and prior to the lien of the mortgage of appellant, is reversed, and it is ordered and adjudged that the Court of Appeals’ decree be modified accordingly.
 

 Decree reversed in part.
 

 Weygandt, C. J., Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.