WASYK ET AL., PLAINTIFFS, v. TRENT, DEFENDANT.

Common Pleas Court, Montgomery County.

No. 116363. Decided June 12, 1961.

324

Messrs. *Withrow & Hutton*, for plaintiff.
Messrs. *Curtner, Brenton & Selva*, for defendant.

MARTIN, J.   This cause comes before the Court on the motion of defendant to dismiss this action, and/or to render summary judgment against the plaintiff and in favor of the defendant, and/or to render judgment in favor of the defendant and against the plaintiff on the pleadings, for the reason that this action was not commenced within two years from the date of the accrual thereof and/or August 29, 1956, when defendant moved from West Virginia and established his domicile and residence in Montgomery County, Ohio.

The following undisputed facts are set forth in the amended petition of the plaintiff, the answer of the defendant and in the following named certified copies of papers filed in Case No. 2162 on the docket of the District Court of the United States, Southern District of Ohio, Western Division, to-wit: plaintiff's complaint and amended complaint, the attempted constructive or substituted service and the return thereof on defendant through the Secretary of State, the registered return receipt on the attempted registered mail service on defendant, defendant's motion to dismiss, the affidavit in support thereof, and the order of the U. S. District Court sustaining such motion and dismissing said Case 2162:

That plaintiff Wasyk and defendant Trent were involved in an automobile collision in Montgomery County, Ohio, on August 4, 1956; that defendant, Arvel W. Trent, was at said time a resident of Baileysville, West Virginia; that twenty-five days later, on August 29, 1956, he established his residence and domicile at 309 East Peace Avenue, West Carrollton, Ohio, where he resided and was domiciled when plaintiff, on July 30, 1957, filed Civil Action No. 2162 in the U. S. District Court and the attempted substituted or constructive service through the Secretary of State and registered mail was made on him. That he continued to reside at said residence up to June 30, 1959, when plaintiff's case No. 2162 was dismissed by the U. S. District Court, and thereafter when he was originally served

with summons in this Common Pleas case on October 16, 1959 and with another summons on January 29, 1960. That the constructive or substituted service on defendant through the Secretary of State and on the defendant by registered mail, showed through the return registered mail receipt, that the same was delivered in West Carrollton, Ohio, although the registered mail service was directed to Box 146, Baileysville, West Virginia. That plaintiff's petition in the Common Pleas Court of Montgomery County was filed on October 13, 1959, and personal service was had on the defendant on October 16, 1959, more than three years after the collision occurred (August 4, 1956) and after the defendant became a domiciled resident of Montgomery County, Ohio (August 29, 1956). That plaintiff's action in the Common Pleas Court was filed in less than one year (about three and one-half months) after the dismissal of the same cause of action in the U. S. District Court.

Defendant contends that the dismissal of plaintiff's cause of action in Case No. 2162 of the U. S. District Court, was not a dismissal otherwise than on the merits, and that consequently plaintiff was not entitled to the benefit of the provisions of Section 2305.19, Revised Code, permitting the commencement of a new action within one year thereafter. In this connection, defendant contends that the U. S. District Court never had jurisdiction either of the subject matter or of the defendant, due to the fact that he was not a non-resident of the State of Ohio at the time the action in the U. S. District Court was commenced, nor thereafter until it was dismissed for want of jurisdiction, inasmuch as defendant was a resident of West Carrollton, Montgomery County, Ohio during said entire period of time.

Defendant urges that such action was not only not commenced and not attempted to be commenced within the meaning of Section 2305.19, Revised Code, but that in addition, such action was not commenced in a proper court within the meaning of Section 2703.01 and other sections hereinafter quoted and referred to, and that consequently, the holding of the Supreme Court of Ohio in the case of *Kossuth* v. *Bear*, 161 Ohio St., 378, and the more recent decision of the same Court in the case of *Hoehn* v. *Steel Company*, 172 Ohio St., 285, to the effect "that the plaintiff did not fail 'otherwise than upon the merits' "

within the meaning of Section 2305.19, Revised Code, are applicable to the facts in the instant case and are controlling.

Plaintiff, on the contrary, claims that the U. S. District Court had jurisdiction of plaintiff's action filed therein in the sense and to the extent of having the judicial power to determine whether or not it had jurisdiction, and that such action filed by plaintiff in good faith should be held to have been commenced, or attempted to be commenced within the meaning of Section 2305.19, Revised Code, under authority of the reasoning and holding of the Supreme Court of Ohio in the case of *Railway Company* v. *Bemis*, 64 Ohio St., 26. Plaintiff also cites: *Crandall* v. *Irwin*, 139 Ohio St., 253; *Russell* v. *Drake*, 163 Ohio St., 605; 16 O. S. Law Journal, 140, 148; *Sokolec* v. *Ry. Co.*, 28 Ohio Opinions, 446; *Rackle & Sons Co.* v. *Western & Southern Indemnity Co.*, 2 Ohio Opinions, 419; *Gaines* v. *City of N. Y.*, 215 N. Y., 533; 145 A. L. R., 1185.

The applicable statutory provisions read as follows:

"Section 2305.03, Revised Code. Lapse of time a bar.

"A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in Sections 2305.03 to 2305.22, inclusive, Revised Code. * * *"

"Section 2305.10, Revised Code. Bodily injury or injury to personal property.

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

"Section 2305.19, Revised Code. Saving in case of reversal.

"In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

"Section 2305.17, Revised Code. Commencement of action.

"An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, Revised Code, * * * as to each defendant, at the date of the summons which is served on him * * *.

"Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the

party diligently endeavors to procure a service, if such attempt is followed by service within sixty days.''

"Section 2703.01, Revised Code. Summons to be issued on petition.

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon.''

"Section 2703.20, Revised Code. Service of process upon non-resident owners or operators of motor vehicles.

"Any non-resident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to non-resident operators and owners, of operating a motor vehicle or of having the same operated, within this state, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of the state, who subsequently becomes a non-resident or conceals his whereabouts, * * * makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state. against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved. * * *''

The first question to be determined is whether or not the legislature intended to use the words "commenced or attempted to be commenced'' in Section 2305.19, Revised Code, in the sense that such words are defined in Sections 2305.17 and 2703.01, Revised Code.

Although there seems to be some doubt reflected in Ohio decisions and Law Review articles as to whether the words "attempted to be commenced'' should be limited to the meaning given them in Section 2305.17, Revised Code, we believe that the legislature, in using the terminology "in an action commenced or attempted to be commenced'' in Section 2305.19, Revised Code, included in such reference the definition of such language set forth in Section 2305.17, Revised Code. We believe further that the word "commenced,'' as used in Section 2305.19, Revised Code, was intended to include within its meaning the provisions of Section 2703.01, Revised Code, requiring that a civil action be commenced in the *proper* court by filing a peti-

tion with the clerk and causing a summons to be issued thereon.

The Supreme Court of Ohio, in the case of *Hoehn* v. *Steel Company, supra,* in following its earlier decision in the case of *Kossuth* v. *Bear, supra,* has seen fit to apply both criteria, to-wit, whether the action was *commenced* within the meaning of Sections 2305.19 and 2305.17, Revised Code, and whether it was commenced by filing with the clerk of the *proper* court a petition and by causing a summons to issue thereon, as required by Section 2703.01, Revised Code, and as further determined by Venue Section 4515.01, Revised Code, Jurisdiction Amount Section 2305.01, Revised Code, and the relevant Service of Summons Sections 2703.02, .03, .05, .07, .08, .09 and .20, Revised Code.

Since the undisputed facts show that defendant was domiciled and residing in Montgomery County prior to and during the entire period Case No. 2162 was filed and pending in the U. S. District Court, that the collision upon which such action was based occurred in Montgomery County, and that the amount of recovery demanded in said action was fifty thousand dollars, it is clear that the only proper court was the Common Pleas Court of Montgomery County, Ohio. It is further clear that Section 2703.20, Revised Code, providing for constructive or substituted service upon non-residents of the State of Ohio, or upon residents later become non-residents or concealing their whereabouts, is not applicable to residents of the State of Ohio who are not concealing their whereabouts and who remain residents of this state, as in the instant case.

Consequently, the attempted constructive or substituted service on the defendant as a resident of Baileysville, West Virginia by service on the Secretary of State and on the defendant by registered mail, was *no* service of summons within the meaning of the term "commenced or attempted to be commenced" used in Sections 2305.17 and 2703.01, Revised Code. In fact, the registered mail return receipt indicates that defendant was located in West Carrollton, Montgomery County, Ohio at the time of the delivery of the registered mail notice. Such registered return receipt, had plaintiff or his counsel examined the same, would have placed them upon notice requiring inquiry to determine whether or not the defendant was a resident of West Carrollton, Montgomery County, Ohio.

Any attempt by defendant to enter his appearance in the U. S. District Court by an acknowledgment on the back of the summons or by filing a motion to plaintiff's complaint, did not, in spite of the provisions of Section 2703.09, Revised Code, constitute the entry of defendant's appearance in the federal court case in the sense that the U. S. District Court thereby acquired jurisdiction of the person of the defendant, for the very obvious reason that such court, as one of limited and special jurisdiction, never had jurisdiction of the subject matter of such case, due to the fact there was no diversity of citizenship, and the defendant could not by attempting to enter his appearance or otherwise confer jurisdiction of the subject matter on the Court.

It follows that the attempted constructive or substituted service on defendant was a nullity, and any attempted entry of appearance by acknowledgment on the back of the summons and the filing of a motion by defendant, were without any legal force and effect whatsoever.

Since the U. S. District Court was not the proper court, and no action was or could be commenced therein, the cases of *Kossuth* v. *Bear* and *Hoehn* v. *Steel Company, supra,* are controlling, and we are required to hold that the dismissal of the case by the federal court for want of jurisdiction of the subject matter and of the person of the defendant was not a failure otherwise than upon the merits within the meaning of the saving clause in Section 2205.19, Revised Code.

The case of *Railway Company* v. *Bemis, supra,* relied on by plaintiff, is distinguishable on the facts from the *Kossuth* and *Hoehn cases* and the instant case, in that the defendant Ohio corporation in the *Bemis case* was served with summons as required by Ohio law, and answered to plaintiff's petition, while the defendant New York corporation in the *Bemis case* demurred to the petition for the reason that the same did not state facts to constitute a cause of action against the New York corporation, which demurrer was sustained and the New York corporation dismissed as a party defendant, thereby eliminating diversity of citizenship at an intermediate stage of the case in federal court, after the same was commenced against the defendant Ohio corporation.

It follows that this action, filed more than three years after the cause of action accrued and defendant became a resident of Ohio, is barred by the applicable two-year statute of limitations, to-wit, Section 2305.10, Revised Code.

The three-way alternative motion of defendant will be sustained as a motion for summary judgment in favor of defendant and against the plaintiff.

An entry should be drawn accordingly.