MONROE, Appellant,

v.

STOP–N–GO FOOD STORES, INC., Appellee.

[Cite as *Monroe v. Stop–N–Go Food Stores, Inc.* (1993), 91 Ohio App.3d 186.]

Court of Appeals of Ohio,
Montgomery County.

No. 13957.

Decided Oct. 18, 1993.

*Patrick W. Allen,* for appellant.

*Peter J. Jerardi, Jr.,* for appellee.

WOLFF, Judge.

Patricia Poindexter Monroe appeals from a summary judgment, dismissing her complaint with prejudice, granted in favor of Stop–N–Go Food Stores, Inc. (hereinafter, "Stop–N–Go").

The facts and procedural history are as follows.

Monroe filed her complaint in the Montgomery County Court of Common Pleas in October 1992, alleging that she sustained injuries in a Dayton area Stop–N–Go store on July 1, 1985. She had previously filed a complaint making substantially the same claim in a common pleas court in South Carolina on June 20, 1991.

South Carolina has a six-year statute of limitations for personal injury actions which requires that the defendant actually be served within the statutory period. Stop–N–Go was not served with Monroe's complaint until July 12, 1991, more than six years after the alleged incident. The South Carolina court dismissed the action on October 31, 1992 for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a cause of action because Monroe did not commence her action within the statute of limitations period.

Monroe's complaint in Montgomery County was filed within one year of the South Carolina court's dismissal. Stop–N–Go answered and filed a motion for summary judgment. The motion requested dismissal of the complaint because the action was filed well after Ohio's two-year statute of limitations period for personal injury actions had expired. Monroe opposed this motion, claiming that the savings statute, R.C. 2305.19, should be applied to permit her to file a complaint in Ohio within one year after her action was dismissed in South Carolina.

The trial court sustained Stop–N–Go's motion for summary judgment. The court declined Monroe's invitation to revisit the law as pronounced by the Ohio Supreme Court in *Howard v. Allen* (1972), 30 Ohio St.2d 130, 59 O.O.2d 148, 283

N.E.2d 167, which held that the savings statute only protected actions which had been filed in Ohio within the period provided by the Ohio statute of limitations. The trial court stated that Monroe's complaint was filed after the expiration of the Ohio statute of limitations period and that Monroe could not take refuge in R.C. 2305.19, and ordered that the complaint be dismissed with prejudice.

Monroe advances one assignment of error:

"The trial court committed reversible error by granting defendant-appellee's motion for summary judgment and dismissing the subject action on grounds that the statute of limitations had expired where plaintiff-appellant's prior action in another state was dismissed for lack of jurisdiction and a subsequent action was commenced in an appropriate court."

The only issue on appeal is whether R.C. 2305.19, the savings statute, applies where the initial action was commenced, or attempted to be commenced, in another state. The language of R.C. 2305.19 itself does not answer that inquiry:

"In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * * *"

In *Howard v. Allen* (1972), 30 Ohio St.2d 130, 59 O.O.2d 148, 283 N.E.2d 167, the Ohio Supreme Court addressed the specific issue raised by Monroe. The court held that the savings statute applied only to actions commenced, or attempted to be commenced, in Ohio and "that it is not applicable to actions commenced or attempted to be commenced in foreign states." *Id.,* 30 Ohio St.2d at 132, 59 O.O.2d at 149, 283 N.E.2d at 168.

According to Monroe, the reasoning of the *Howard* decision is flawed and the decision is a reflection of the "conservative jurisprudential climate of that time." Monroe contends that, for those reasons, this court should "revisit" the law clearly pronounced by the Supreme Court. As an intermediate court of appeals, we are "charged with accepting and enforcing the law as promulgated by the Supreme Court[,] not changing, modifying or ignoring that law. Courts of appeal remain 'bound by and must follow decisions of the Ohio Supreme Court.'" *Consol. Rail Corp. v. Forest Cartage Co.* (1990), 68 Ohio App.3d 333, 341, 588 N.E.2d 263, 268, quoting *Thacker v. Bd. of Trustees of Ohio State Univ.* (1971), 31 Ohio App.2d 17, 60 O.O.2d 65, 285 N.E.2d 380.

The *Howard* case is not factually distinguishable from this case in any material respect. Therefore, we follow the Supreme Court's unambiguous holding that the savings statute is not to be applied to protect actions originally filed in other states. Monroe's complaint was filed in Montgomery County, Ohio, more than seven years after the alleged incident occurred and more than five years after the

Ohio statute of limitations period for this personal injury action had expired. See R.C. 2305.10. Accordingly, the trial court did not err in refusing to apply the savings statute and in sustaining Stop–N–Go's motion for summary judgment on the ground that the complaint was not timely filed.

Only the Supreme Court of Ohio can revisit *Howard.*

For the foregoing reasons, Monroe's assignment of error is overruled. The judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.