OPINION
Plaintiff, Martha Hanson, alleges that she was injured in an automobile accident that occurred on November 17, 1995, in Montgomery County, and that her injuries and consequent losses proximately resulted from the negligence of Defendant, Paul Baucher. Plaintiff Hanson commenced an action on her claim for these injuries and losses in the court of common pleas on March 26, 1998, more than two years after the accident occurred.
Defendant Baucher moved to dismiss Hanson's action for lack of jurisdiction, relying on R.C. 2305.10, the two year statute of limitations for personal injury claims. Plaintiff Hanson argued that her claim was saved from the two-year bar by R.C. 2305.19, which permits commencement of an action within one year after the action was previously dismissed if the dismissal was otherwise than on the merits. Plaintiff had filed an action in the State of Indiana on the same claim for relief on November 13, 1997, less than two years after the accident. The Indiana action was dismissed for lack of personal jurisdiction over Defendant Baucher on June 8, 1998. Less than one year later, Plaintiff commenced her action in Ohio.
The trial court rejected Plaintiff Hanson's argument and dismissed her action, relying on Howard v. Allen (1972), 30 Ohio St.3d 130, and the decision of this court in Monroe v.Stop-N-Go-Food Stores (1993), 91 Ohio App.3d 186. Plaintiff Hanson filed a timely notice of appeal. She now presents a single assignment of error, which states:
 THE TRIAL COURT IMPROPERLY DISMISSED PLAINTIFF'S CAUSE BY FAILING TO APPLY OHIO'S SAVINGS STATUTE.
Plaintiff Hanson argues that because Indiana also imposes a two-year statute of limitations on personal injury claims in Ind. Code Section 34-11-2-4, and because Indiana's one-year "savings statute", Ind. Code Section 34-1-2-8, is substantially similar to Ohio's, the principle of "reciprocity" should permit application of R.C. 2305.19 to allow her to commence her action in Ohio within one year after it was dismissed in Indiana. We do not agree.
 R.C. 2305.19, the Ohio saving clause, applies only to actions "commenced or attempted to be commenced" in Ohio within the appropriate statute of limitations.
Howard v. Allen, supra, Syllabus by the Court. The point of law thus decided is controlling in the lower courts. S.Ct. Sup.R. 1(B). In particular, courts of appeals remain bound by and must follow that decision. Consol. Rail Corp. v. Forest Cartage Co.
(1990), 68 Ohio App.3d 333. Therefore, "[o]nly the Supreme Court of Ohio can revisit Howard." Monroe v. Stop-N-Go Food Stores,Inc., supra at 189.
Plaintiff Hanson's "reciprocity" argument raises no points that were not decided by Howard, which held that prohibiting application of R.C. 2305.19 to actions that were originally commenced in another state offends neither the Full Faith and Credit clause nor the Privileges and Immunities clause of the Constitution of the United States. The argument is no more persuasive here.
The great Lawrence Peter Berra, aka "Yogi," is quoted as having said about the 1973 National League pennant race, "It ain't over `till it's over.'" In view of the fact that The Supreme Court overruled a jurisdictional motion to review our decision in Monroev. Stop-N-Go, supra, (see 68 Ohio St.3d 1471), we deem that dictum satisfied on the issue presented in this appeal.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.