DECISION AND JUDGMENT ENTRY
{¶ 1} Nadine Ruble appeals from a judgment on the pleadings in favor of Juanita Ream. She argues that the trial court erroneously concluded that R.C. 2305.15(A) did not toll the statute of limitations for her cause of action against a non-resident defendant and that R.C.2305.19, the "savings statute," did not apply when appellant initially commenced her cause of action in West Virginia. Because R.C. 2305.15(A) is unconstitutional as applied to a non-resident defendant, and because R.C. 2305.19 does not apply when the action originally was commenced outside Ohio, we affirm the trial court's judgment.
 {¶ 2} On August 3, 1999, appellant received injuries in an automobile accident that appellee allegedly caused in Washington County, Ohio. At the time of the accident, both appellant and appellee resided in West Virginia.
 {¶ 3} On August 1, 2001, appellant filed a complaint against appellee in Wood County, West Virginia. When she filed the complaint, appellant resided in West Virginia and she apparently believed appellee still did also. However, appellee had moved to Pennsylvania. Thus, on September 18, 2002, the West Virginia court dismissed the action for lack of personal jurisdiction.
 {¶ 4} On November 26, 2002, appellant filed a complaint against appellee in Washington County, Ohio. Appellant's complaint noted that she initially filed the case in Wood County, West Virginia.
 {¶ 5} Appellee subsequently filed a Civ.R. 12(C) motion for judgment on the pleadings. She asserted that the November 26, 2002 complaint fell beyond the two-year statute of limitations for personal injury claims and, thus, appellant's cause of action was time-barred. Appellee also contended that because appellant originally did not attempt to commence the action in an Ohio court, R.C. 2305.19 did not apply to save her cause of action. In response, appellant argued that R.C.2305.15(A) tolls the statute of limitations against a non-resident defendant until the defendant returns to the State of Ohio.
 {¶ 6} Appellee then countered that R.C. 2305.15(A) is unconstitutional as applied to non-resident defendants under BendixAutolite Corp. v. Midwesco Ent., Inc. (1988), 486 U.S. 888,108 S.Ct. 2218, 100 L.Ed.2d 896, and Reynoldsville Casket Co. v. Hyde (1995),515 U.S. 749, 115 S.Ct. 1745, 131 L.Ed.2d 820.
 {¶ 7} The trial court subsequently granted appellee's motion, concluding that neither R.C. 2305.15(A) nor R.C. 2305.19 tolled the statute of limitations.Appellant timely appealed the trial court's judgment and raises the following assignments of error: "FIRST ASSIGNMENTOF ERROR — Mrs. Ruble's action was timely brought due to the fact that Mrs. Ream had been out of the state of Ohio and the applicable statute of limitations had not, therefore, run. SECOND ASSIGNMENT OFERROR — Mrs. Ruble's action was timely brought due to the fact that Mrs. Ruble had one year following the dismissal of her West Virginia action to re-file her claim against Mrs. Ream."
 {¶ 8} In her two assignments of error, appellant argues that the trial court erroneously granted appellee's motion for judgment on the pleadings. Under Civ.R. 12(C), a dismissal is appropriate "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true; and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570, 664 N.E.2d 931; see, also, Whaley v. FranklinCty. Bd. of Commrs. (2001), 92 Ohio St.3d 574, 581, 752 N.E.2d 267;Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113. A Civ.R. 12(C) motion "presents only questions of law, and determination of the motion * * * is restricted solely to the allegations in the pleadings."[1] Peterson, 34 Ohio St.2d at 166; see, also, Whaley,92 Ohio St.3d at 582; Drozeck v. Lawyers Title Ins. Corp. (2000),140 Ohio App.3d 816, 820-21, 749 N.E.2d 775. (stating that a court must limit its determination of a motion for judgment on the pleadings solely to the allegations in the pleadings and any writings attached to those pleadings). Thus, a court can grant a Civ.R. 12(C) motion only if no disputes of material fact exist and the pleadings show that the movant is entitled to judgment as a matter of law. See Midwest Pride. We independently review the motion as a matter of law to determine if it was properly granted. See, e.g., id.; Peterson.
 I {¶ 9} Appellant first argues that the trial court incorrectly determined that the statute of limitations barred her cause of action. Appellant asserts that because appellee was absent from the state after her cause of action accrued, R.C. 2305.15(A) as interpreted in Couts v.Rose (1950), 152 Ohio St. 458, 90 N.E. 139, tolled the running of the statute of limitations. In Couts, the Ohio Supreme Court held: "[A] person injured in an automobile collision occurring in this state is not obligated to institute his action for injury against a nonresident defendant and secure service * * * within the [two year statue of limitations] but under favor of the provisions of the [tolling statute] he may proceed to bring his action * * * at any time before the defendant returns to the state."
 {¶ 10} Appellee contends that cases decided since Couts have eroded its holding. Appellee asserts that under Bendix, R.C. 2305.15(A) is unconstitutional as applied to individuals who never have resided in Ohio.
 {¶ 11} Before we can address the merits of appellant's first assignment of error, we must initially consider whether we have jurisdiction to determine the constitutionality of R.C. 2305.15(A). InCicco v. Stockmaster (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066, syllabus, the Ohio Supreme Court held: "A party who is challenging the constitutionality of a statute must assert the claim in the complaint (or other initial pleading) or an amendment thereto, and must serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction under former R.C. 2721.12."
 {¶ 12} Later, in George Shima Buick, Inc. v. Ferencak (2001),91 Ohio St.3d 1211, 1212, 741 N.E.2d 138, the Ohio Supreme Court extendedCicco's service requirement to apply when the constitutionality of a statute is raised in a motion to dismiss filed in an ordinary civil action. The court stated: "Each time a party legally challenges the constitutionality of a state statute, the party is, in essence, requesting the court to enter a declaratory judgment that the statute is unconstitutional. Even if the challenge is not initially raised in a `complaint for declaratory judgment' pursuant to R.C. 2721.12, the court must enter a formal judgment deciding the issue of constitutionality regardless of when the issue is raised. Such a decision is, in fact, a declaratory judgment." Ferencak, 91 Ohio St.3d at 1212. Thus, underCicco and Ferencak, a court lacks jurisdiction to consider the constitutionality of a statute, whether raised in a pleading or motion, unless the Attorney General is properly notified. However, the Ohio Supreme Court has since limited Cicco's and Ferencak's application. SeeCleveland Bar Assn. v. Picklo(2002), 96 Ohio St.3d 195, 772 N.E.2d 1187; see, also, Mayer v. Bristow (2000), 91 Ohio St.3d 3, 740 N.E.2d 656.
 {¶ 13} In Picklo, the court determined that it had applied Cicco
"too zealously" in deciding that the trial court lacked jurisdiction to consider the constitutionality of a statute when that issue was first raised in a motion to dismiss in an ordinary civil action. See Picklo,96 Ohio St.3d at 197. The court thus overruled Ferencak, explaining: "Cicco
recognizes that R.C. 2721.12 imposes a notice requirement on parties contesting the constitutionality of a statute in a declaratory judgment action filed pursuant to R.C. Chapter 2721. That statute requires that the Attorney General be notified in every such action by service of the pleading in accordance with Civ.R. 4.1. Neither Ferencak nor this case is a declaratory judgment action filed pursuant to R.C. Chapter 2721.Ferencak began as a small claims action to recover damages stemming from a customer's decision to stop payment on a check for automobile repairs. And this case is an action to enforce our constitutional responsibility to oversee the practice of law in this state. Cicco, therefore, does not require service on the Attorney General as a prerequisite to invoking our jurisdiction." Id.
 {¶ 14} Consequently, after Picklo, Cicco's service requirement appears to apply only when the constitutionality of a statute is raised in a declaratory judgment action and not when the issue is raised in a motion filed in an ordinary civil action. See Ferencak,91 Ohio St.3d at 1213 (Cook, J., dissenting) (stating that R.C. 2721.12 and its service requirement are applicable only in declaratory judgment actions). But, see, Mraz v. D E Counseling Center, Mahoning App. No. 01CA176,2002-Ohio-5213.
 {¶ 15} Here, the complaint is an ordinary civil action seeking damages for injuries sustained in an automobile accident. Neither appellant nor appellee has requested a declaratory judgment regarding the constitutionality of R.C. 2305.15(A). Instead, in her reply memorandum in support of her Civ.R. 12(C) motion for judgment on the pleadings, appellee raised the constitutionality of R.C. 2305.15(A). Therefore, because this is an ordinary civil action that contains no request for declaratory judgment, we may consider the constitutionality of R.C.2305.15(A). See, Picklo, supra.
 {¶ 16} Our analysis begins with the recognition that statutes carry a strong presumption of constitutionality and that the party challenging the constitutionality of a statute bears the burden of overcoming this presumption. See State v. Bennett (2002),150 Ohio App.3d 450, 458, 782 N.E.2d 101 (citing State v. Anderson
(1991), 57 Ohio St.3d 168, 566 N.E.2d 1224). When possible, statutes must be construed in conformity with the Ohio and United States Constitutions. Id. (citing State v. Tanner (1984), 15 Ohio St.3d 1, 2,472 N.E.2d 689). When there is more than one possible interpretation of a statute, we must construe the statute to save it from constitutional infirmities. Id. (citing State v. Sinito (1975), 43 Ohio St.2d 98,330 N.E.2d 896). Moreover, statutory language "`must be construed as a whole and given such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.'" D.A.B.E., Inc. v.Toledo-Lucas Cty. Bd. of Health (2002), 96 Ohio St.3d 250, 256,773 N.E.2d 536 (quoting State ex rel. Myers v. Spencer Twp. Rural SchoolDist. Bd. of Edn. (1917), 95 Ohio St. 367, 372-73, 116 N.E. 516).
 {¶ 17} A party may challenge a statute as unconstitutional either on its face or as applied to a particular set of facts. See Belden v.Union Cent. Life Ins. Co. (1944), 143 Ohio St. 329, 55 N.E.2d 629, paragraph four of the syllabus; Oliver v. Feldner (2002),149 Ohio App.3d 114, 121, 776 N.E.2d 499. The effect of a successful challenge will differ depending on whether the court strikes the statute on its face or as applied. Oliver, 149 Ohio App.3d at 121 "If a statute is unconstitutional as applied, the State may continue to enforce the statute in different circumstances where it is not unconstitutional, but if a statute is unconstitutional on its face, the State may not enforce the statute under any circumstances." Women's Med. Professional Corp. v.Voinovich(C.A. 6, 1997), 130 F.3d 187, 193, quoted in Oliver,149 Ohio App.3d at 121.
 {¶ 18} R.C. 2305.15(A) provides: "When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action * * * does not begin to run until the person comes into the state or while the person is so absconded or concealed. * * *."
 {¶ 19} In Couts, supra, the Ohio Supreme Court interpreted R.C.2305.15(A)[2] to mean that the statute of limitations is tolled against a non-resident defendant "at any time before the defendant returns to the state." Id., syllabus. Couts observed that the purpose of statutes of limitations is "to encourage or require the prompt assertion of legal claims." Nevertheless, the court concluded: "[A] person who remains out of the jurisdiction of the locus of an injury which he has caused is not in a favorable position to complain of such possible delay, as against a policy which is clearly sanctioned by the provisions of Section 11228, General Code." 152 Ohio St. at 462.
 {¶ 20} Twenty-one years later, the Ohio Supreme Court again considered R.C. 2305.15(A) as it applies to non-residents. See Seeley v.Expert, Inc. (1971), 26 Ohio St.2d 61, 269 N.E.2d 121.[3] In Seeley, four years and eight months following an automobile accident, a non-resident of Ohio sued another non-resident in an Ohio court for injuries arising from the automobile accident. The court determined that the statute of limitations did not bar the cause of action. The court stated: "The provisions of R.C. 2305.15, tolling the running of the Ohio statutes of limitation during the time a defendant is absent from the state of Ohio, are not limited in their application to persons who were residents of Ohio at the time the event giving rise to a cause of action took place, but also include persons who have never been residents."Id., paragraph two of the syllabus. The court decided that R.C. 2305.15
was not limited "to situations where a resident defendant absents himself from the state after the event giving rise to a cause of action," but also applied "to persons who are continuously absent from the state by virtue of having been nonresidents of Ohio at such time." Id. at 63.
 {¶ 21} In concluding that R.C. 2305.15(A) tolled a cause of action even against a person who never had been an Ohio resident, the court interpreted the statute literally: "' * * * The intent of the lawmakers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly, and distinctly the sense of the lawmaking body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.'" Id. at 71-72 (quoting Slingluff v. Weaver (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph two of the syllabus).
 {¶ 22} Several years after Couts and Seeley were decided, the United States Supreme Court held that R.C. 2305.15(A) impermissibly burdens interstate commerce by giving Ohio tort plaintiffs unlimited time to sue out-of-state, but not in-state, defendants. See ReynoldsvilleCasket Co. v. Hyde (1995), 514 U.S. 749, 750, 115 S.Ct. 1745,131 L.Ed.2d 820 (observing that R.C. 2305.15(A) could not constitutionally be applied to toll the statute of limitations against a non-resident defendant);Bendix Autolite Corp. v. Midwesco Enterprises, Inc. (1988), 486 U.S. 888,108 S.Ct. 2218, 100 L.Ed.2d 896 (holding that R.C. 2305.15(A) could not constitutionally be applied to toll the statute of limitations against a foreign corporation). Thus, the United States Supreme Court has declared the statute unconstitutional as applied to non-resident defendants because it created the potential for almost perpetual liability.
 {¶ 23} Subsequent to Bendix and Reynoldsville Casket, the Ohio Supreme Court considered R.C. 2305.15(A) as it applied to resident defendants who temporarily leave the state. See Johnson v. Rhodes
(2000), 89 Ohio St.3d 540, 733 N.E.2d 1132. In Johnson, all parties were residents of Ohio, but the defendants had taken a two-week, out-of-state vacation during the two years following the date of the accident. The Ohio Supreme Court concluded that the defendants' temporary absence from the state tolled the statute under R.C. 2305.15 and that in that particular situation, R.C. 2305.15 was not unconstitutional.
 {¶ 24} Here, we conclude that under Bendix, R.C. 2305.15(A) is unconstitutional as applied to appellee, a person who never has been a resident of Ohio. This case is not similar to Johnson, where both the plaintiff and the defendants were Ohio residents and the defendants had only temporarily departed the state. Instead, this case is more similar to Bendix, where the plaintiff sought to have the statute perpetually tolled as against a non-resident entity. Bendix, read in conjunction withReynoldsville Casket, leads us to conclude that such tolling of a statute of limitations as against non-residents is unconstitutional because it could perpetually subject the non-resident defendant to potential liability.
 {¶ 25} Moreover, although both Couts and Seeley appear to support appellant's argument that R.C. 2305.15(A) tolled the statute of limitations (because the Ohio Supreme Court has not overruled either of them), they must be read in light of Bendix and Reynoldsville Casket, more recent, controlling authority from the United States Supreme Court. Therefore, under Bendix and Reynoldsville Casket, R.C. 2305.15(A) is unconstitutional as applied to appellee, a non-resident defendant. Consequently, we disagree with appellant that R.C. 2305.15(A) tolled the statute of limitations, and we overrule appellant's first assignment of error.
 II {¶ 26} In her second assignment of error, appellant argues that the trial court erred by determining that R.C. 2305.19, "the savings statute," did not apply. Appellant recognizes that in Howard v. Allen
(1972), 30 Ohio St.2d 130, 283 N.E.2d 167, syllabus, the Ohio Supreme Court held that "R.C. 2305.19, the Ohio saving clause, applies only to actions `commenced or attempted to be commenced' in Ohio within the appropriate statute of limitations." But she contends that Osborne v. AKSteel/Armco Steel Co. (2002), 96 Ohio St.3d 368, 775 N.E.2d 486, andVaccariello v. Smith Nephew Richards, Inc. (2002), 94 Ohio St.3d 380,763 N.E.2d 160, have effectively overruled Howard. We disagree.
 {¶ 27} R.C. 2305.19 provides that when a claim "fails otherwise than upon the merits," a new action may be commenced "within one year after such date." In Howard, the court held that R.C. 2305.19, the savings statute, applied only to actions commenced, or attempted to be commenced, in Ohio and "that it is not applicable to actions commenced or attempted to be commenced in foreign states." Id. at 132; see, also,Monroe v. Stop-N-Go Food Stores, Inc. (1993), 91 Ohio App.3d 186, 188,631 N.E.2d 1138.
 {¶ 28} In Vaccariello, the court considered R.C. 2305.19 andHoward in the context of a class action lawsuit. The court held that "[t]he filing of a class action, whether in Ohio or the federal court system, tolls the statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Vaccariello did not address whether R.C.2305.19 saves a standard civil suit that is originally filed in a foreign jurisdiction. Thus, we do not agree with appellant that Vaccariello
effectively overruled Howard.
 {¶ 29} In Osborne, the court considered the limited question of whether R.C. 2305.19 applies to claims filed pursuant to R.C. Chapter 4112, which contains Ohio's anti-discrimination statutes. AlthoughOsborne noted that the case originally was filed in federal court, theOsborne court never discussed Howard. Appellant contends that Osborne, by concluding that R.C. 2305.19 applied to an R.C. Chapter 4112 claim originally filed in federal court, effectively overruled Howard. We reject this contention. The underlying rationale of Osborne is that when the cause of action is a creature of statute and that statute contains a specific limitations period, the savings statute nevertheless applies.Osborne rejected applying the rationale from one of its earlier decisions, Crandall v. Irwin (1942), 139 Ohio St. 253, 39 N.E.2d 608, in which the court stated: "Where the limitation of time is an inherent part of a right unknown to the common law and created by statute, time is of the essence, and there is no right unless the action or proceeding to enforce such right is commenced within the statutory limit." Id. at paragraph three of the syllabus. In extending the savings statute to R.C. Chapter 4112 claims, Osborne further recognized that R.C. Chapter 4112 is a remedial statute that should be liberally construed "`to promote its object (elimination of discrimination) and protect those to whom it is addressed (victims of discrimination).'" Osborne, 96 Ohio St.3d at 370
(quoting Elek v. Huntington Nat'l Bank (1991), 60 Ohio St.3d 135, 137,573 N.E.2d 1056). Moreover, Osborne did not explicitly overrule Howard, much less mention it in deciding the issue of whether R.C. 2305.19
applies to R.C. Chapter 4112 claims. Because we construe Osborne to be limited to its facts, we will continue to follow Howard.
 {¶ 30} Consequently, we agree with the trial court's decision that R.C. 2305.19 does not apply, and we overrule appellant's second assignment of error.
Judgment Affirmed.
Evans, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] In this case, appellant complains that the trial court improperly considered evidence outside the pleadings and essentially converted appellee's Civ.R. 12(C) motion into a Civ.R. 56 summary judgment motion. However, nothing indicates that the trial court considered any evidence outside the pleadings. Moreover, appellant attached exhibits to her memorandum in opposition to appellee's Civ.R. 12(C) motion. Appellant can hardly complain on appeal that the trial court erroneously considered evidence outside the pleadings when appellant herself submitted the evidence. In any event, those exhibits do not reveal any information that cannot be gleaned from the pleadings.
[2] Couts actually interpreted Section 11228 of the General Code. However, that section is substantially similar to the current version of R.C. 2305.15(A). G.C. 11228 stated: "When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state or while he is so absconded or concealed. * * *."
[3] At the time of Seeley, the statute read: "When a cause of action accrues against a person, if he is out of state, or has absconded, or conceals himself, the period of limitation for the commencement of the action * * * does not begin to run until he comes into the state or while he is so absconded or concealed. * * *."