IN RE PETITION FOR ANNEXATION OF 5.11 ACRES IN NORTHAMPTON TWP. TO THE CITY OF AKRON.

(No. 12538 — Decided July 23, 1986.)

*Alfred E. Schrader,* for appellee.
*John E. Holcomb,* for appellants.

MAHONEY, P. J. Appellants, property owners seeking annexation to the city of Akron, appeal the order of the Summit County Court of Common Pleas dismissing their R.C. Chapter 2506 appeal of the Summit County Council's failure to approve their petition for annexation. We affirm.

The property owners in question own a total of 5.11 acres of land along Akron-Peninsula Road in Northampton Township[1] on the northern border of the city of Akron. These property owners filed a petition with the Summit County Council on December 11, 1982, to have their properties annexed to the city of Akron. After a public hearing, a resolution was prepared approving the property owners' petition. The Summit County Council voted this resolution down by a vote of four votes to three on May 31, 1983. The property owners then filed a notice of appeal pursuant to R.C. Chapter 2506 in the Summit County Court of Common Pleas on June 2, 1983. The trial court eventually dismissed this appeal for lack of an order upon which an appeal could be based.

Assignment of Error I

"The lower court erred by finding that it lacked subject matter jurisdiction and dismissing this case."

R.C. 2506.01 provides in part as follows:

---

[1] We note that Northampton Township was merged into the city of Cuyahoga Falls on January 1, 1986. This opinion will not, however, address the effect, if any, of that merger on these proceedings.

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located * * *."

The Summit County Council acts only through the adoption of resolutions or ordinances. Charter of the County of Summit, Section 3.03. In the present case, all that is present is a failure of a resolution, not a resolution itself. As such, the failure to approve the requested annexation does not constitute a final order pursuant to R.C. 2506.01. Such a final order would be present only if the county council had passed a resolution expressly granting or denying the petition. R.C. 709.033.

The property owners rely on the case of *State, ex rel. Cunagin Constr. Corp.,* v. *Creech* (1969), 20 Ohio St. 2d 128, 49 O.O. 2d 447, 254 N.E. 2d 18, and argue that the failure of the resolution constitutes a "refusal to act" by the county council and constitutes its "final act," thereby making it appealable under R.C. Chapter 2506. Without deciding whether the *Creech* analysis applies in this type of situation, we find no evidence of a "refusal to act" on the part of the county council. The property owners' appeal was instituted two days after the failure of the desired resolution, thereby denying the county council any opportunity to act. Had the property owners not been so quick to appeal, the county council would have been able to pass a resolution expressly denying the annexation petition or could even have reconsidered and passed a resolution approving the annexation. The trial court therefore acted properly in dismissing the property owners' appeal.

Assignments of Error

"II. The lower court erred by failing to find that all of the requirements for annexation petitions of Revised Code Chapter 709 were met by the instant petition.

"III. The lower court erred by failing to order the annexation petition granted."

Because the trial court correctly dismissed the appeal below, these assignments of error are moot.

Summary

Appellants' first assignment of error is overruled. Appellants' second and third assignments of error are moot.

*Judgment affirmed.*

BAIRD and GEORGE, JJ., concur.