OPINION
Defendant-appellant, City of Columbus ("city"), appeals from a judgment of the Franklin County Court of Common Pleas granting plaintiffs-appellees, Robert (individually "plaintiff") and Emma Hodge, an area variance.
Plaintiffs jointly own real property located at 3277 Groveport Pike in Columbus, Ohio. Zoned as an M-Manufacturing District, the property supports a truck repair business plaintiff operates on the premises. In an attempt to expand his business operations, plaintiff applied to participate in the city's towing program. As part of the program, plaintiff would tow disabled or illegally parked vehicles for the city and store them temporarily on plaintiffs' premises. Owners of illegally parked vehicles presumably would retrieve them, and the abandoned or wrecked vehicles would be moved to a salvage yard.
Columbus City Code Section 3363.41 requires that such vehicles be stored six hundred feet back from the closest residential district. At its closest point, plaintiffs' property is within one hundred seventy-two feet of a residential district, with the actual storage area within three hundred feet of the residential district. As a result, plaintiffs applied for an "area" variance from Columbus City Council ("city council") which, following a hearing, unanimously denied plaintiffs' application. Plaintiffs appealed the decision to the Franklin County Court of Common Pleas pursuant to R.C. Chapter 2506. The common pleas court reversed the decision of the city council, finding it was unreasonable and against the weight of the evidence. The city appeals, assigning the following error:
 THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF-APPELLEE A VARIANCE BASED UPON ITS CONCLUSION THAT THE PLAINTIFF-APPELLEE REACHED THE STANDARDS FORTH SET [sic] UNDER OHIO REVISED CODE CHAPTER 2506 FOR AN AREA VARIANCE.
Initially, the city contends the decision of the city council is not subject to appellate review. Because the city's argument is jurisdictional, it will be addressed even though it was not raised in the common pleas court.
Plaintiffs appealed the decision of city council pursuant to R.C. Chapter 2506, which applies to decisions of administrative bodies, but not to decisions of legislative bodies. Tuber v. Perkins (1966),6 Ohio St.2d 155, 156; Hamm v. Gahanna City Council (Mar. 25, 1997), Franklin App. No. 96APE07-886, unreported. While the city council admittedly is a legislative body, a legislative body can take administrative action. See, e.g., Donnelly v. City of Fairview Park (1968), 13 Ohio St.2d 1, paragraph two of the syllabus. The city contends the city council was acting in a legislative fashion in its vote on plaintiffs' resolution seeking an area variance, and thus no appeal arises from the vote.
"The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administrating a law, ordinance or regulation already in existence." Id; Buckeye Community Hope Found. v. Cuyahoga Falls (1998), 82 Ohio St.3d 539, 544. Thus, "the power to zone or rezone, via the passage or amendment of a comprehensive zoning ordinance, is clearly a legislative function." Forest City Enterprises v. Eastlake (1975), 41 Ohio St.2d 187, 189, reversed on other grounds,426 U.S. 668. Conversely, grants or denials of variances, based on unnecessary hardship or practical difficulties, are administrative in nature even when the decision is made by city council. Flair Corporation v. City of Brecksville (1976), 49 Ohio App.2d 77; Wantz Investment Corp. v. Huber Heights Zoning Comm. (Oct. 26, 1982), Montgomery App. No. 7820, unreported, citing Forest City, at 190; see, also, Schomaeker v. First Nat'l Bank (1981), 66 Ohio St.2d 304; Duncan v. Village of Middlefield (1986), 23 Ohio St.3d 83. As administrative acts, they generally are appealable under R.C. Chapter 2506. Flair Corporation, supra.
While the city council's actions with respect to variances are administrative and appealable, the action of council nonetheless must present a final appealable order. Because city council never adopted any resolution on this matter, the record presents no final appealable order, as an administrative board's vote disapproving a resolution is not a final order. Bringardner v. City Council (Dec. 17, 1996), Franklin App. No. 96APE05-605, unreported, citing In re Petition for Annexation of 5.11 Acres in Northampton Twp. (1986), 34 Ohio App.3d 18, 19 ("In the present case, all that is present is a failure of a resolution, not a resolution itself. As such, the failure to approve the requested annexation does not constitute a final order pursuant to R.C. 2506.01. Such a final order would be present only if the county council had passed a resolution expressly granting or denying the petition * * *").
As this court explained in In re Appeal of Lewis (June 28, 1990), Franklin App. No. 89AP-1474, unreported:
 Since the resolution denying the annexation failed of passage, the Board of County Commissioners has not taken action on the annexation petition, which could constitute the basis for an appeal. The defeat of a resolution determining the issue one way or the other leaves the matter pending before the board.
 Adjudicatory matters differ from legislative matters. Legislative matters do "die" when the resolution to adopt them is defeated. Adjudicatory matters, on the other hand, remain pending when a resolution to dispose of the adjudicatory matter fails of passage. Thus, there is no decision or order of the Board of County Commissioners from which an appeal pursuant to R.C. 2506 could properly be taken. To constitute an appealable order, the board must affirmatively adopt a resolution either granting or denying the requested annexation. Action refusing to adopt a resolution does not constitute such action whether the resolution be couched in terms of denying or granting. To find otherwise would mean that, by the act of the two commissioners voting no to the resolution to deny the annexation, the annexation would be approved.
* * *
 In other words, there must be an affirmative vote by a majority of the administrative board to constitute action by the board which can be the subject of an appeal. This is true whether the intended action is to grant or deny a request. If the board wishes to deny a request, the motion must be to deny the request and must then be adopted by the board. * * * In other words, action not adopting a resolution (whether to grant or deny a request) does not constitute affirmative action from which an appeal may be taken pursuant to R.C. Chapter 2506. A resolution which has been defeated by action of the board is not an order which constitutes "a determination of the rights, duties, privileges, benefits or legal relationships of a specified person," within the contemplation of R.C. 2506.01.
Because city council here never adopted any resolution on this matter, but only voted down the proposed resolution, the case presents no final appealable order. The common pleas court thus lacked jurisdiction to consider this matter. As a result, we reverse the judgment of the common pleas court and remand with instructions to dismiss the appeal for lack of subject matter jurisdiction.
 ____________ BRYANT, P.J.
BOWMAN and BROWN, JJ., concur.