[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Appellant Waste Management of Ohio, Inc., operated a landfill as a nonconforming use in a residentially-zoned area. It filed an application to expand its nonconforming use, which appellee Communities United For Action (CUFA) strongly opposed. Ultimately, however, the Director of Buildings and Inspections for the city of Cincinnati granted the application, subject to several conditions.
{¶ 3} CUFA appealed the director's decision to Cincinnati Board of Zoning Appeals. The board heard additional evidence and issued a decision that stated, "The vote of the Zoning Board of Appeals was a tie, two and two. THEREFORE, because of the tie vote, the decision of the director of Buildings and Inspections * * * upon the property in question is upheld."
{¶ 4} CUFA appealed the board's decision to the Hamilton County Court of Common Pleas. The court held that the board's resolution was not a final, appealable order. It relied on the following provision of the Cincinnati Municipal Code: "The Board shall act by resolution, in which a majority of those members present shall concur; provided, however, that not less than three persons shall constitute a quorum at any meeting." Cincinnati Municipal Code 1477-502(d)(2). The court reasoned, "[T]he Appeals Board's authority is fixed by ordinance, which requires a majority of the members present to concur on any resolution. Therefore, unlike the Courts, the Appeals Board may neither affirm nor deny without a concurrence of a majority of the members present. Therefore, the Board's `resolution' of January 22, 2000 is not in compliance with § 1477-592(d)(2) and is not a final order." The court then remanded the case to the board for further proceedings.
{¶ 5} Waste Management has filed a timely appeal from the common pleas court's judgment. In its sole assignment of error, it contends that the trial court erred by remanding the case to the zoning board of appeals. It argues that the board's decision was a final, appealable order. We find this assignment of error to be well taken.
{¶ 6} R.C. 2506.01 provides that the common pleas court may review any "final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state[.]" It defines a "final order, adjudication, or decision" as "an order, adjudication, or decision that determines rights, duties, privileges, benefits or legal relationships of a person[.]" See Wurzelbacher v. Thiemann (June 26, 1996), 1st Dist. No. C-950607.
{¶ 7} In ruling that the board's decision was not a final order, the court relied upon Harkai v. Nelson Twp. Zoning Bd. of Appeals (Sept. 25, 1998), 11th Dist. No. 97-P-0144. In that case, the zoning inspector failed to act on a complaint of a zoning violation. The landowners who filed the complaint appealed the zoning inspector's failure to act to the zoning board of appeals. Only four members of the board were present at a hearing on the appeal. A vote on the question of whether to "approve" the appeal ended in a two-to-two tie. Consequently, the board "denied" the appeal on the basis that approval required an affirmative vote by three of the five board members. In an appeal to the common pleas court, the court overruled a motion to dismiss for lack of a final order and reversed the board's decision.
{¶ 8} The court of appeals then reversed the common pleas court's decision. It relied upon a provision of the township zoning resolution that stated that every decision of the board of zoning appeals "shall be by resolution" and cases that have held that an administrative body's failure to approve a resolution is not a final order within the meaning of R.C. 2506.02. Thus, it held that "the board's tie vote cannot amount to a resolution because the board did not take any affirmative action with respect to the appeal. Thus, inaction is not a `final order, adjudication or decision' under R.C. 2506.01"
{¶ 9} We do not agree with the reasoning of Harkai, and we also find it to be distinguishable from the present case. Case law does hold that an administrative body's failure to act does not result in a final, appealable order. See In re Petition for Annexation of 5.11 Acres inNorthampton Twp. (1986), 34 Ohio App.3d 18, 19, 516 N.E.2d 1255; Hodgev. Columbus (May 29, 2001), 10th Dist. No. 00AP-1013. In Harkai, the board refused to act because of the tie vote and denied the landowners' request for action on their complaint by the zoning inspector.
{¶ 10} In this case, the Cincinnati Municipal Code also states that the board can act only by resolution, in which a majority of the members present at the meeting concur. In our view, the trial court in this case failed to distinguish between the board's vote and its resolution. The board deadlocked on the substantive decision of whether to reverse the director's decision. That vote was not a resolution, however; it was merely the process by which the board arrived at a resolution. After voting on the merits of the appeal, the board issued a written decision holding that "because of the tie vote, it was upholding the director's decision.
{¶ 11} Though the vote was tied two-to-two, the resolution was unanimous in approving the director's decision due to the tie. No board member dissented from the approval of the resolution. Under the plain language of Cincinnati Municipal Code 1477-502(d)(1), only the resolution required majority approval. See Seely v. Expert, Inc. (1971),26 Ohio St.2d 61, 71-72, 269 N.E.2d 121; In re Birchfield (1988),51 Ohio App.3d 148, 152, 555 N.E.2d 325; Ashish Ent. v. Fairview Park
(Jan 13, 2000), 8th Dist. No. 75088.
{¶ 12} Since the board affirmed the director's decision granting Waste Management's application for an enlargement of the nonconforming use, the decision determined its rights, duties and legal relationships, as well as those of the neighboring landowners. Therefore, the board's decision was a final order within the meaning of R.C. 2506.02. The decision of the common pleas court was, therefore, contrary to law. See R.C. 2506.04; Henley v. Youngstown Bd. of Zoning Appeals,90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433; Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848. Accordingly, we reverse that court's judgment and remand the matter to it to decide the issues on their merits.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.